INZA McCORMICK v. THE STATE.

No. 11755.   Delivered June 6, 1928.

The opinion states the case.

*Sturgeon Bros.* of Paris, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for robbery, punishment being eight years in the penitentiary. The indictment averred that appellant made an assault upon Trueman Neighbors, and that by putting Neighbors in fear of life or bodily injury

" * * * did then and there fraudulently take from the person and possession and without the consent and against the will of the said Trueman Neighbors Five Dollars in money of the value of Five

Dollars the said property then and there being the corporeal personal property of the said Trueman Neighbors with the fraudulent intent then and there of him the said Inza McCormick to deprive the said Trueman Neighbors of the value of the same and to appropriate the same to the use and benefit of him the said Inza McCormick. * * * "

A motion was made to quash the indictment on the ground that it was not alleged therein that the property was taken from the person and possession of Neighbors. We think the language employed by the pleader cannot be construed as failing to aver that the property was taken from the person and possession of Neighbors. In an indictment for robbery—where the statutory elements of the offense are averred—it is not necessary to allege "want of consent" nor that the taking was "against the will" of the owner. Williams v. State, 37 Tex. Cr. R. 147, 38 S. W. 999; Brown v. State, 61 Tex. Cr. R. 334; Chancey v. State, 58 Tex. Cr. R. 54, 124 S. W. 426. The words "without the consent and against the will" appearing in the instant indictment might be regarded as surplusage. It is their presence which seems to form the basis for appellant's contention. However, taking the language as it stands we think appellant's contention is without merit.

In his brief appellant calls attention to the fact that the transcript fails to show that the court's charge was filed by the clerk. If the charge was not filed it does not appear that the trial judge's attention was called to it or that any question was raised about it in the trial court. Article 661 C. C. P. directs that the charge shall be "filed among the papers in the cause;" Article 665 provides that the jury may take with them the charges given by the court "after the same have been filed." Art. 666 specifically provides that when the foregoing two requirements—among others—have been disregarded the judgment shall not be reversed unless the error was calculated to injure the accused. The judgment recites that the jury was "duly charged by the court." There being an entire failure to show any injury to appellant from the omission of the clerk to place his file mark on the charge we must give effect to Art. 666 supra, and hold the error harmless. Haynie v. State, 3 Tex. Cr. App. 223, Clampitt v. State, 3 Tex. Cr. App. 638, and other early decisions of this court collated in Note 2 under Article 661, Vernon's C. C. P., Vol. 2, have no application in view of the provisions of present Article 666 C. C. P. The same principle applies as where the trial judge has omitted to sign his charge. Allen v. State, 98

Tex. Cr. R. 225, 265 S. W. 580; Trammel v. State, 100 Tex. Cr. R. 412, 273 S. W. 602.

We have examined the bills of exception which appear in the transcript. None of them presents error, nor is deemed of sufficient importance to demand discussion.

The facts are amply sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*