Robert A. JENKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 45274.

Court of Criminal Appeals of Texas.

Nov. 15, 1972.

Rehearing Denied Dec. 20, 1972.

George T. Ellis, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and William O. Olsen, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from the conviction for the offense of robbery by assault with one prior conviction alleged for enhancement. The jury assessed the punishment at life under the provisions of Article 62, Vernon's Ann.P.C.

The sufficiency of the evidence is challenged. It is appellant's contention that the State failed to negative the consent of the victim, Dorothy Mahaffey. In a robbery case, it is only necessary to prove that the property was taken by force and violence. Barfield v. State, 137 Tex.Cr. R. 256, 129 S.W.2d 310. It is not necessary to negative the victim's consent. Want of consent is not made an element of the offense by the statute and need not be alleg-

ed or proved by the State. McCormick v. State, 110 Tex.Cr.R. 214, 8 S.W.2d 164.

■ The record reflects that Mrs. Mahaffey testified that appellant took the property from her by exhibiting a pistol and putting her in fear of her life or bodily harm. Appellant also contends that the State failed to prove fraudulent intent to permanently deprive the victim of possession of her property. The appellant's intent is determined from his words, acts, and conduct. Banks v. State, Tex.Cr.App., 471 S.W.2d 811; Bailey v. State, 139 Tex. Cr.R. 260, 139 S.W.2d 599. The record shows that appellant took control of the property through force and violence by putting the owner in fear of life or injury. The evidence is sufficient to support the verdict. This contention is overruled.

■ Complaint is made because the names MAHAFFREY, as alleged, and MAHAFFEY, as proven by the evidence, are not spelled alike and not idem sonans, that it sound alike, thus creating a fatal variance between the allegation and proof. Appellant concedes that if the name alleged and the one proved differ only in spelling but are idem sonans, the variance is immaterial. Though the name of the injured party is spelled MAHAFFREY in the indictment, the correct spelling of MAHAFFEY appears throughout the record. MAHAFFREY and MAHAFFEY are of like sound and therefore idem sonans. See Salinas v. State, 39 Tex.Cr.R. 319, 45 S.W. 900; Hernandez v. State, 53 Tex.Cr.R. 468, 110 S.W. 753. No reversible error is shown.

■ Next, appellant contends that the jury verdict is void because his punishment was assessed at life in the Texas *House* of Corrections instead of the Texas *Department* of Corrections. His contention is without merit. Where the place of confinem nt stated in the jury verdict is unauthorized it may be treated as surplusage and the judgment may be entered by

the court specifying the proper place. Riley v. State, 168 Tex.Cr.R. 417, 328 S.W.2d 306.

■ In a pro se brief appellant asserts that the oath required of grand jurors systematically excludes atheists and agnostics from the grand juries of Texas. This contention is without merit. Under the provisions of Article 27, V.A.P.C., the word oath also includes affirmation thereby making it possible for atheists and agnostics to serve. See Craig v. State, Tex.Cr.App., 480 S.W.2d 680.

No error being shown, the judgment is affirmed.