NO. 07-01-0469-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 7, 2002



______________________________




FLYNN W. STEWART, APPELLANT



V.



LINDA LINER, LAST SURVIVING INDEPENDENT EXECUTRIX


OF THE ESTATE OF LENA STEPHENS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;



NO. 2000-589,066; HONORABLE PAULA LANEHART, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Pending before this Court is Flynn W. Stewart's "Notice of Abandonment of Appeal"
by which he expresses that he no longer desires to pursue his appeal. Stewart indicates
that the parties have settled all controversies between them. We grant the motion and
dismiss the appeal.

 Without passing on the merits of the case, the motion is granted and the appeal is
hereby dismissed. Tex. R. App. P. 42.1(a)(2). Having dismissed the appeal at Stewart's
request, no motion for rehearing will be entertained and our mandate will issue forthwith.

 Don H. Reavis

 Justice


Do not publish.



an>
 X-NONE
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 MicrosoftInternetExplorer4
 
 
 
 
 
 
 
 
 
 
 
 
 









NOS. 07-09-0301-CR, 07-09-0302-CR,
07-09-0303-CR, 

07-09-0304-CR,
07-09-0305-CR, 07-09-0306-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D 

 

 AUGUST 20, 2010



 

 



 

 

VIENGKHONE SIKALASINH, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 

 



 

 FROM THE 47TH DISTRICT COURT OF POTTER
COUNTY;

 

NOS. 58,210-A, 58,211-A, 58,212-A, 58,213-A, 58,216-A, 58,217-A;

 HONORABLE HAL MINER, JUDGE



 

 



 

Before QUINN, C.J.. and CAMPBELL and PIRTLE, JJ.

OPINION

            Appellant, Viengkhone Sikalasinh,[1]
was convicted by a jury of three counts of aggravated assault with a deadly
weapon, one count of aggravated assault with a deadly weapon--family member, and
two counts of aggravated robbery, each enhanced by a prior felony conviction.[2]  He was sentenced by a jury to six concurrent
sentences of twenty, twenty, ten, sixty, fifteen, and fifteen years confinement,
respectively.  Appellant asserts three
issues on appeal:  (1) whether the trial
court erred by requiring him to pay court-appointed attorney fees as a cost; (2)
whether there was legally sufficient evidence that he was able to pay
court-appointed attorney fees as a cost; and (3) whether he should be required
to pay transportation, meal and lodging expenses of a non-resident witness who
was neither an expert witness nor a peace officer.  We modify the trial court's judgment in Cause
No. 58,210-A to clarify that payment of $16,510.26 in court-appointed attorney
fees and $537.05 in witness fees is not a part of the court costs ordered in
the case and affirm the judgment as modified. 
The judgments in Cause Nos. 58,211-A, 58,212-A,
58,213-A, 58,216-A, and 58,217-A are affirmed.

Background

            On October 1, 2008, Appellant was indicted for aggravated assault with a
deadly weapon enhanced in three criminal actions;[3]  aggravated assault with a deadly
weapon--family member in a single criminal action;[4]
and aggravated robbery in two criminal actions.[5]  

            During
the course of the pretrial proceedings, Appellant filed three affidavits
requesting court-appointed counsel.  His
financial information showed he was too poor to employ counsel, and the trial
court granted his requests based upon financial need.[6]

            The State's six criminal actions
against Appellant were consolidated on August 10, 2009, and tried before a jury
over the next four days.  During its
case-in-chief, the State called the manager of the apartment complex where
Appellant's crime spree had occurred.  At
the time of trial, this particular witness had moved to McLennan County,
Texas.  Thus, the State subpoenaed her to
trial as an out-of-county or non-resident witness.

            Appellant
was convicted of all charges and sentenced in accordance with the jury's
verdict.  Subsequently, the trial court
approved a Witness Fee Claim for the non-resident witness's trial attendance
totaling $537.05 for lodging, meal, and travel expenses incurred.[7]  The trial court also approved an Attorney Fee
Voucher submitted by Appellant's court-appointed attorney for services rendered
from July 10, 2009 until the end of trial totaling $16,510.26.

            On September 1, 2009, the trial
court signed Judgments of Conviction by Jury in each of the six cases consolidated
for trial.  In each case, the summary
portion of the judgment reflects "Court Costs: see attached," while
the narrative portion of the judgment orders Appellant to pay court costs
"as indicated above."  In the
Clerk's Record from Cause No. 07-09-0301-CR (trial court Cause No. 58,210-A),
the first page following the judgment is a certified bill of costs, also dated
September 1, 2009, that reflects "Attorney Fees (Court Appointed)
$16,510.26" and "Witness Fee $537.05."  In the remaining five criminal actions, Cause
Nos. 07-09-0302-CR, 07-09-0303-CR, 07-09-0304-CR, 07-09-0305-CR and 07-09-0306-CR
(trial court Cause Nos. 58,211-A, 58,212-A, 58,213-A, 58,216-A, and 58,217-A,
respectively), the first page following the judgment in the Clerk's Record is a
certified bill of costs reflecting no attorney's fees and no witness fees.  

            Issues 1 & 2 -- Court-Appointed
Attorney Fees

            Under article 26.05 of the Texas Code
of Criminal Procedure, the trial court has authority to order reimbursement of
appointed attorney fees if the court determines that a defendant has financial
resources that enable him to offset, in part or in whole, the cost of legal
services provided.  See
Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon Supp.
2009).  The record before us,
however, does not contain a determination or finding by the trial court that
Appellant had any financial resources or was "able to pay" any appointed
attorney fees.[8]  In fact, subsequent to the judgment, the
trial court appointed an attorney to handle Appellant's appeal due to his
indigency.  

            Prior
to filing his appeal, Appellant did not have the benefit of the recent opinion
by the Court of Criminal Appeals holding that, without record evidence to
demonstrate a defendant's financial resources to offset the costs of legal
services, a trial court errs if it orders reimbursement of court-appointed
attorney fees.  Mayer v. State, 309 S.W.3d 552
(Tex.Crim.App. 2010).  In light of
this recent ruling, the State candidly concedes that the court-appointed
attorney fees here, $16,510.26, should not have been included in the Judgment
as costs to be paid by Appellant because there is no record evidence indicating
Appellant is "able to pay."  We
agree.  Accordingly, Appellant's issues
one and two are sustained as to Cause No. 07-09-0301-CR (trial court Cause No.
58,210-A), but are overruled as to the remaining five actions.

            Issue
3 -- Witness Fees

            Appellant also asserts he is not
liable for the non-resident witness fees because there is no authority for him
to be ordered to pay, as costs of court, witness fees paid pursuant to article
35.27[9]
of the Texas Code of Criminal Procedure.[10]  The State contends that article 102.002 of
the Texas Code of Criminal Procedure authorizes the trial court to assess
witness fees paid pursuant to article 35.27 as costs of court.   We disagree with the State.   

            Every
person subpoenaed for the purpose of giving testimony in a criminal proceeding
who resides outside the county in which the prosecution is pending is entitled
to be reimbursed by the state for reasonable and necessary transportation,
meal, and lodging expenses incurred by that witness by reason of his or her
attendance as a witness.  See art. 35.27, § 1(a).  Where a county has paid those expenses, the
county is entitled to reimbursement by the state as an assignee of the
witness.  See art. 35.27 §
7.  Here, pursuant to article
35.27, § 7, Potter County was paid the sum of
$537.05 as compensation for the expenses incurred in connection with the attendance
of the non-resident witness in Appellant's case.  At issue here is whether the trial court properly
assessed the amount of that reimbursement against Appellant as costs of court.

            Article
35.27 provides a mechanism for the reimbursement of witness expenses; it does
not provide for the assessment of those expenses as costs of court.  Therefore, the State relies upon article
102.002 as authority for assessment of "witness fees" as costs of
court.  Because article 102.002 does not
expressly provide for the assessment of article 35.27 payments as costs of
court, resolution of this issue involves the statutory construction of article
102.002.




            Standard of Review

            Issues governed by statutory construction are questions
of law for the reviewing court to decide. 
City of Lubbock
v. Adams, 149 S.W.3d 820, 826-27 (Tex.App.--Amarillo 2004, pet. denied).  Because proper statutory construction is a
question of law, a trial court has no discretion in rendering an
interpretation; Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992), and no particular deference need be given to the
trial court's findings by the reviewing court. 
Bandera v.
Indep. Sch.
Dist. v. Hamilton, 2 S.W.3d 367, 370
(Tex.App.--San Antonio 1999, pet. denied).  Thus, when we construe a statute, we conduct
a de novo review; Texas Dep't of Transp. v. Needham, 82
S.W.3d 314, 318 (Tex. 2002), with our primary objective being to ascertain and
give effect to the Legislature's intent. 
Texas Dept. of
Protective and Regulatory Services v. Mega Child Care, 145 S.W.3d 170, 176
(Tex. 2004).  We construe a
statute as written and, if possible, ascertain the legislative intent from the
language used in the statute.  Union Bankers Ins. Co. v.
Shelton, 889 S.W.2d 278, 280 (Tex. 1994).  Thus, we begin with the plain and common
meaning of the statute's words.  Texas Dept. of Transp. v.
City of Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004).

            Article 102.002 -
Texas Code of Criminal Procedure

            Chapter 102 of the Texas Code of
Criminal Procedure, entitled "Costs Paid by Defendants," provides a
general framework for the assessment of costs by a trial court in a criminal
proceeding.[11]  Under Subchapter A, entitled "General
Costs," we find article 102.002 dealing with "witness fees."

            Article
102.002 states as follows:

(a) Repealed
by Acts 1999, 76th Leg., ch. 580, Sec. 11(a), eff.
Sept. 1, 1999.

(b) The justices of the peace and municipal courts shall maintain a
record of and the clerks of district and county courts and county courts at law
shall keep a book and record in the book:

(1) the number and style of each criminal action
before the court;

(2) the name of each witness subpoenaed,
attached, or recognized to testify in the action; and 

(3) whether the witness was a witness for the
state or for the defendant.

(c) Except as otherwise provided by this subsection, a defendant is liable on conviction for the fees provided by this
article for witnesses in the defendant's case. 
If a defendant convicted of a misdemeanor does not pay the
defendant's fines and costs, the county or municipality, as appropriate, is
liable for the fees provided by this article for witnesses in the defendant's
case.

(d)  If a person is subpoenaed as a
witness in a criminal case and fails to appear, the person is liable for the
costs of an attachment, unless he shows good cause to the court why he did not
appear.

(Emphasis added).

            Pursuant
to article 102.002, in order for a defendant to be liable for witness fees, three
events must occur: (1) the defendant must be convicted, (2) the witness must
have testified in the "defendant's case," and (3) the fees must be "provided
by this article," i.e., article 102.002. 
See art. 102.002(c).  Here, clearly Appellant was convicted;
therefore, the two questions remaining are (1) whether or not the witness testified
in the defendant's case, and (2) whether the fees paid were provided by
article 102.002.

            As
to the first question, Appellant contends that because the non-resident witness
testified in the State's case-in-chief only, she did not testify in the "defendant's
case."  The State disagrees,
contending that the article applies because the non-resident witness was a
witness in the prosecution of the defendant's case.  Based upon our analysis of the second question
pertaining to whether the fees were provided by article 102.002, we need not
decide this question.

            As
to the second question, Appellant contends the plain language of article
102.002 does not provide for the assessment of non-resident witness fees paid
pursuant to article 35.27.  The State
counters by contending that it does.

            Prior
to its repeal in 1999, section (a) of article 102.002 provided:[12]

A person subpoenaed, attached, or recognized as a
witness, other than a witness entitled to
receive compensation under Article 35.27 of this Code, is entitled to
receive $1.50 per day in attendance in court and six cents per mile traveling
to or returning from the trial.  In order
to receive compensation under this article, the witness, or another credible
person representing the witness, must sign an affidavit stating the number of
days the witness attended the court and the number of miles the witness
traveled to and from the place of trial. 
The affidavit must be filed with the papers of the case. 

 (Emphasis
added.)

             Therefore, prior to the repeal of subparagraph
(a), the plain language of article 102.002 did not authorize a trial court to assess
non-resident witness fees paid pursuant to article 35.27 as costs of court.   Therefore,
the question becomes, by repealing subparagraph (a), did the Legislature intend
to remove that exclusion?  

            Any
analysis of the Legislature's intent in repealing subparagraph (a) is
complicated by the fact that in repealing that subparagraph, the Sixty-Sixth
Legislature also repealed subparagraphs (b) and (c), and then without making
reference to the repeal, amended subparagraphs (b) and (c) to include
procedures governing the prosecution and administration of misdemeanor offenses
in municipal courts.  See Act of May 22, 1999, 76th
Leg., R.S., ch. 580, § 11(a), 1999 Tex. Gen Laws. 3119, 3123, approved
June 18, 1999, effective September 1, 1999 (repealing subparagraphs (a), (b)
and (c)); See Act of May 30, 1999, 76th
Leg., R.S., ch. 1545, § 63, 1999 Tex. Gen. Laws 5314, 5329-30, approved June
19, 1999, effective September 1, 1999 (amending
subparagraphs (b) and (c)).  If the
intent of the Legislature had been the removal of the article 35.27 exclusion,
it seems the more simple solution would have been to repeal only that portion
of subparagraph (a).  Accordingly, an analysis
of the bill's history does not support the State's contention that witness fees
paid pursuant to article 35.27 are assessable as costs of court under article
102.002.

            Finally,
although counterintuitive to the ultimate position taken, the State argues that
no substantive change in the law was intended by the Legislature when it
repealed subparagraph (a).  We see no
reason to disagree with that analysis. 
If the Legislature did not intend to substantively change the provisions
of subparagraph (c), the repeal of subparagraph (a) did not expand the
assemblage of recoverable costs of court to include non-resident witness
expenses paid pursuant to article 35.27. 
Accordingly, we hold that article 102.002 does not provide for the
assessment of witness fees paid pursuant to article 35.27 as costs of
court.  Appellant's third issue is
sustained.   

Conclusion

            Having
determined that the trial court erred by requiring Appellant to reimburse the
State for the costs of his court-appointed attorney and the non-resident
witness article 35.27 reimbursement expenses, we modify the judgment in Cause
No. 58,210-A to clarify that the order to pay court costs does not include a
requirement that he pay $16,510.26 in attorney fees or $537.05 in witness fees,
and the judgment, as modified, is affirmed. 
The trial court's judgments in Cause Nos. 58,211-A, 58,212-A, 58,213-A, 58,216-A, and 58,217-A are affirmed.  

 

                                                                                                Patrick
A. Pirtle

                                                                                                      Justice  

 

Quinn, C.J. and Campbell, J., concurring.

 

Publish.











[1]We
note that while the judgment in each case states Appellant's first name as
"Viengkhone," the indictments in Cause Nos. 58,210-A, 58,211-A,
58,212-A and 58,213-A state Appellant's first name as
"Vienkhone."  Where names are
substantially the same in character and pronunciation, though slightly varied
in spelling, under the doctrine of idem
sonans, the variance is immaterial.  Jenke v. State, 487
S.W.2d 347 (Tex.Crim.App. 1972).





[2]See Tex. Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2009) and. § 29.03 (Vernon 2009).





[3]Cause Nos. 58,210-A; 58,211-A; 58,212-A.





[4]Cause
No. 58,213-A.





[5]Cause
No. 58,216-A; 58,217-A.





[6]At
various stages of the pretrial proceedings, two of Appellant's appointed-counsel
moved to withdraw from representation. Both motions were granted and new
counsel was appointed.





[7]The
Witness Fee Claim form, which is signed by the non-resident witness and
approved by the trial judge, requests the Comptroller of Public Accounts to reimburse
Potter County, pursuant to Tex. Code of Crim. Proc. Ann. article 35.27 (Vernon
2006), for expenses incurred by the witness, but paid by Potter County, on
account of her attendance as a witness in Appellant's case.





[8]Unless
a material change in his financial resources occurs, once a criminal defendant
has been found to be indigent, he is presumed indigent for the remainder of the
proceedings.  Tex. Code
Crim. Proc. Ann. art. 26.04(p) (Vernon Supp. 2009).





[9]Article 35.27 states, in pertinent part, as follows:

Every person subpoenaed by either party or otherwise required or
requested in writing by the prosecuting attorney or the court to appear for the
purpose of giving testimony in a criminal proceeding who resides outside the
state or the county in which the prosecution is pending shall be reimbursed by
the state for the reasonable and necessary transportation, meal, and lodging
expenses he incurs by reason of his attendance as a witness at such proceeding.

See Tex. Code Crim. Proc. Ann. art. 35.27, § 1(a) (Vernon 2006).

 





[10]For
convenience, we will cite provisions of the Texas Code of Criminal Procedure
throughout the remainder of this opinion simply as "article _______."  





[11]The
overall framework for the assessment of costs by a trial court in a criminal proceeding
is both convoluted and confusing.  Part
of this confusion is created by the fact that customarily bills of costs
prepared by court clerks do not reflect the authority by which those costs are
assessed.  Adding to the confusion is the
plethora of overlapping legislatively enacted provisions dealing with costs to
be paid by criminal defendants.  See, e.g., Tex. Alco.
Bev. Code Ann. §
106.12 (Vernon 2007); Tex. Bus. & Com. Code Ann. § 3.506 (Vernon Supp.
2009); Tex. Bus. Org. Code Ann. § 10.365 (Vernon Pamph.
Supp. 2009); Tex. Code Crim. Proc. Ann. arts. 17.42,
17.43, 17.441, 37.073, 42.037, 42.12, 42.22, 45.0216, 45.026, 45.041, 45.051,
45.055, 45.0511(c-1), 45.0511(f)(1 - 2), 45.052,
45.203, 62.353, 102.001 - 102.072, 103.0031 (Vernon 2006 & Supp. 2009);
Tex. Edu. Code Ann. §37.011
(Vernon Supp. 2009); Tex. Fam. Code Ann. §§
8.262, 8.267, 8.302, 8.303, 45.106, 53.03, 54.032, 54.0411, 54.0461, 54.0462,
54.061, 81.003, 108.006, 110.002, 110.004, 110.005, 158.319, 158.403, 158.503,
160.762, 232.013 (Vernon 2006, 2008 & Supp. 2009); Tex. Gov't Code Ann. §§ 25.0593, 25.0594,
25.1572, 25.2223, 30.00014, 30.00147, 41.258, 51.601,  51.702 - 51,703, 54.313, 54.403,54.745,
54.663, 54.913, 54.983, 54.954, 54.1116, 76.015, 82.0361, 102.001 - 103.033,
411.081 (Vernon 2005 & Supp. 2009); Tex. Health & Safety Code Ann. §§ 161.255, 469.004,
821.023 (Vernon 2010); Tex. Hum. Res. Code Ann. § 152.0522 (Vernon 2001);
Tex. Local Gov't Code Ann. §§
118.131, 132.002, 132.003, 133.101 - 133.154, 191.007 (Vernon 2008 & Supp. 2009);
Tex. Parks and Wildlife Code Ann. §§
12.110, 12.308 (Vernon Supp. 2009); Tex. Transp. Code Ann. §§ 284.2031, 521.026,
521.048, 542.403, 542.407, 545.412, 548.605, 601.263, 706.006 (Vernon 1999,
2007 & Supp. 2009) (not intended as an exhaustive list).  We encourage court clerks to draft their
bills of costs in a manner that would allow a reviewing court to determine the
legal authority upon which a particular fee is based.  Furthermore, as pointed out by the concurring
opinion of Justice Campbell, as it currently exists, article 102.002 does not
provide for the assessment of any fees. 
Accordingly, we encourage the Legislature to consider clarification of
this article in particular and the entire court costs scheme in general.





[12]See Act of May 17, 1985, 69th
Leg., R.S., ch. 269 § 1, 1985 Tex. Gen. Laws 1300, 1302.