NO. 07-08-00445-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 

 MARCH 11, 2010



 



 

JOHN D. FAILS, JR., APPELLANT

 

v.

 

DAVID R. BASSE, M.D., APPELLEE 



 



 

 FROM THE 47TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 96,704-A; HONORABLE HAL MINER, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, John D. Fails, Jr.,
appeals an order dismissing Fails’s
claims against appellee, David R. Basse,
M.D., pursuant to Texas Civil Practice and Remedies Code section 74.351(b) and
denying Fails’s motion for enlargement of time.  We affirm.

Factual and Procedural Background

            According
to Fails’s petition, Fails, an inmate, suffered an
accident affecting his left knee on or before January 29, 2006.  Fails alleges that Basse
“failed to provide adequate medical care to the severily
(sic) twisted left knee.”  Fails further
alleges that, after “several different injuries” to the left knee occurring
between January 29, 2006 and May 7, 2007, Fails is “physically handicapped and
permanently disabled due to the deliberate indifference” of Basse.  Specifically, Fails contends that Basse’s deliberate indifference was evidenced by Basse overriding two physician’s assistants and attempting
to override an orthopedic specialist’s recommendations for treatment.  The relief that Fails seeks includes a
declaration from Basse stating that his deliberately
indifferent acts or omissions was a cause of Fails’s
permanent disability, “compensatory damages in [an] amount equal to the damages
awarded, pursuant to § 41.003 [and] § 41.008(b),(1),(B),
Texas Civil Practices & Remedies Code, for exemplary and noneconomic
damages,” and “punitive damages in [an] amount of $200,000.”

            Fails
initially filed suit against Basse and Denise DeShields, M.D.,[1]
on May 29, 2008, alleging that Basse had been
negligent and that he had breached the applicable medical standard of
care.  On July 2, Fails filed a motion to
appoint an expert witness.  On September
4, Fails filed a motion to dismiss DeShields without
prejudice.  On September 19, however,
Fails filed an amended petition that included claims against DeShields and that asserted claims against Basse as identified in the preceding paragraph.  On September 25, Fails filed a motion for
enlargement of time which requested the trial court grant Fails additional time[2]
to obtain an expert report required by section 74.351 of the Texas Civil
Practice and Remedies Code.  On September
30, Basse filed a motion to dismiss and response to Fails’s motion for enlargement of time contending that
Fails failed to comply with the requirements of section 74.351 and, therefore,
the trial court was required to dismiss Fails’s
claims with prejudice.  On November 6,
the trial court granted Basse’s motion to dismiss and
denied Fails’s motion for enlargement of time.  Fails then filed a motion for new trial,
which was overruled by operation of law, and notice of the instant appeal.

            By
his appeal, Fails presents four issues. 
By his first issue, Fails contends that the trial court abused its
discretion in denying Fails’s motion to appoint
expert witness.  By his second issue,
Fails contends that the trial court abused its discretion by denying Fails’s motion for enlargement of time.  By his third issue, Fails contends that his
amended pleading superseded his original pleading and the trial court erred in
dismissing his claims against Basse pursuant to
section 74.351 of the Texas Civil Practice and Remedies Code.  By his fourth issue, Fails contends that the
trial court erred in failing to grant his motion to dismiss DeShields
without prejudice.

Motion to Appoint Expert

            By
his first issue, Fails contends that the trial court abused its discretion in
denying his motion to appoint expert witness. 
Initially, we note that the authorities cited by Fails regarding the
appointment of an expert are all federal law authorities.  Further, all of this federal authority makes
it clear that the appointment of an expert is within the discretion of the
trial court.  In Texas, court-appointed
medical experts are not uncommon in criminal proceedings, but, even in criminal
proceedings, such appointments are not automatic.  See McQueen v. Univ. of Tex. Med.
Branch – Galveston, No. 01-98-00059-CV, 2000 Tex.App.
LEXIS 3617, at *3 (Tex.App.—Houston
[1st Dist.] June 1, 2000, no pet.) (unpub. op.) (citing
Elmore v. State, 968 S.W.2d 462, 465 (Tex.App.—Eastland
1998, no pet.)).  Fails cites no
authority that would establish that he was entitled to appointment of a medical
expert in this civil suit.  We overrule Fails’s first issue.

Dismissal

            By
his third issue, Fails contends that his amended petition, filed on September
19, 2008, superseded his Original Petition, filed on May 29, 2008, and, as
such, the claims asserted in his live pleading were not health care liability
claims subject to the requirements of chapter 74 of the Texas Civil Practice
and Remedies Code.  

            We
agree with Fails’s contention that a plaintiff’s
timely filed amended petition[3]
supersedes all previous pleadings and becomes the controlling petition in the
case regarding theories of recovery.  Elliott v. Methodist Hosp., 54 S.W.3d 789, 793-94 (Tex.App.—Houston [1st Dist.] 2001, pet. denied).  However, Fails’s
amended pleading fails to articulate a viable theory of recovery.  By his amended petition, Fails seeks a
declaration from Basse that his deliberately
indifferent acts or omissions was a cause of Fails’s
permanent disability, “compensatory damages in [an] amount equal to the damages
awarded, pursuant to § 41.003 [and] § 41.008(b),(1),(B), Texas Civil Practices
& Remedies Code, for exemplary and noneconomic damages,” and “punitive
damages in [an] amount of $200,000.”  The
declaration sought by Fails is a declaration of a party and Fails has
identified no authority in the trial court or on appeal that would authorize
the trial court to compel such a declaration. 
Further, Fails seeks compensatory damages in an amount equal to the
exemplary and noneconomic damages recoverable under chapter 41 of the Texas
Civil Practice and Remedies Code as well as punitive damages.  Compensatory damages are those damages that
will compensate the injured party for the injury sustained and are otherwise
known as actual damages.  Black’s Law Dictionary 270 (6th ed. 1991).  By contrast, exemplary damages are damages
awarded to a plaintiff over and above actual damages and include noneconomic
and punitive damages.  Id.
at 396.  Recovery of exemplary
damages, such as punitive damages, requires a finding of an independent tort
with accompanying actual damages.  Twin City Fire Ins. Co. v. Davis, 904 S.W.2d 663, 665 (Tex.
1995).  Thus, as Fails’s live pleading fails to allege that he suffered actual
damages, he is not entitled to recover the exemplary damages pled and, as such,
has not presented a valid theory of recovery.

            In
addition, a claim is a health care liability claim, subject to the requirements
of chapter 74 of the Texas Civil Practice and Remedies Code, if it is asserted
“. . . against a health care provider or physician for treatment, lack of
treatment, or other claimed departure from accepted standards of medical care .
. . which proximately results in injury to or death of a claimant . . . .”  Tex.
Civ. Prac. & Rem. Code Ann. § 74.001(a)(13) (Vernon 2005). 
The basis of Fails’s claim is that Basse was deliberately indifferent in his medical treatment
of Fails’s left knee when he overrode two physician’s
assistants and attempted to override an orthopedic specialist’s recommendation
for treatment.  There is no dispute that Basse is a physician and that Fails’s
claim arises from Basse’s “treatment, lack of treatment,
or other claimed departure from accepted standards of medical care.”  In fact, the only element of a health care
liability claim that is drawn into question by Fails’s
pleading is causation as Fails alleges that he has suffered “several different
accidents with injuries” to his left knee since the January 29, 2006 date upon
which Basse allegedly “failed to provide adequate
medical care.”  When the essence of a
suit is a health care liability claim, a party cannot avoid the requirements of
chapter 74 through artful pleading of the claim.  See Diversicare Gen. Partner, Inc. v. Rubio, 185
S.W.3d 842, 848-49 (Tex. 2005). 
Thus, we conclude that Fails’s claim was
properly construed by the trial court to be a health care liability claim subject
to the requirements of chapter 74.

            Within
120 days of filing a health care liability claim, a claimant must file an
expert report with a curriculum vitae of each expert
listed in the report for each physician or health care provider against whom a
liability claim is asserted.  Tex. Civ. Prac. & Rem. Code § 74.351(a).  If a timely expert report is not served on
the physician defendant, the trial court must dismiss the claim against the
physician defendant with prejudice.  Id. § 74.351(b). 
We review a trial court’s dismissal of a health care liability claim for
failure to timely produce an expert report for an abuse of discretion.  Am. Transitional Care Ctrs. Of Tex., Inc. v.
Palacios, 46 S.W.3d 873,
877 (Tex. 2001).

            In
the present case, Fails filed his health care liability claim against Basse on May 29, 2008. 
Consequently, he was required to serve Basse
with an expert report by September 26, 2008. 
Fails did not comply with the expert report requirement and, therefore,
the trial court was mandated to dismiss his claims against Basse
with prejudice.  See Tex. Civ. Prac.
& Rem. Code § 74.351(b)(2).

            We
overrule Fails’s third issue.

Motion for Enlargement of Time

            By
his second issue, Fails contends that the trial court abused its discretion in
denying his motion for enlargement of time. 
On September 25, 2008, one day prior to the expiration of the 120 day
period in which Fails was required to file an expert report, Fails filed a
motion seeking an enlargement of time to file his expert report.  Fails did not identify how much additional
time he would require and, rather, simply identified several hurdles that
prevented him from obtaining an expert report. 
Further, the only extension of time allowed under the statute is a
one-time 30 day extension when “elements of the report are found
deficient.”  Id.
§ 74.351(c).  As Fails did not
file an expert report within the 120 day deadline, he was ineligible for the
only statutory extension of time available and the trial court did not err in
denying his motion.  We overrule
appellant’s second issue.

Nonsuit of Claims Against
DeShields

            By
his fourth issue, Fails contends that the trial court erred in failing to grant
his motion to dismiss claims against DeShields without
prejudice.  Because this Court, on Fails’s motion, dismissed all appellate claims against DeShields, DeShields is not a
party to this appeal and this issue is not properly before this Court.[4]  We overrule Fails’s
fourth issue.

 

Conclusion

            Having
overruled each of Fails’s issues, we affirm the trial
court’s order granting Basse’s motion to dismiss and
denying Fails’s motion for enlargement of time.

 

                                                                                                Mackey
K. Hancock                                                                                                                                     Justice

 

 

 

            








 











[1]
On motion filed
by Fails, this Court dismissed all appellate claims against DeShields
on June 30, 2009.

 





[2]
In this motion,
Fails did not identify how much additional time he was requesting.





[3]
We express no
opinion regarding the timeliness of Fails’s amended
petition, but, for purposes of this opinion, will assume that his amended
petition was timely filed.





[4]
However, we
note that Fails alleged a new cause of action against DeShields
in his amended petition filed on September 19, 2008.  This new cause of action was asserted after
Fails filed his motion to dismiss DeShields on
September 4, 2008.








 by article 102.002, we need not
decide this question.

            As
to the second question, Appellant contends the plain language of article
102.002 does not provide for the assessment of non-resident witness fees paid
pursuant to article 35.27.  The State
counters by contending that it does.

            Prior
to its repeal in 1999, section (a) of article 102.002 provided:[12]

A person subpoenaed, attached, or recognized as a
witness, other than a witness entitled to
receive compensation under Article 35.27 of this Code, is entitled to
receive $1.50 per day in attendance in court and six cents per mile traveling
to or returning from the trial.  In order
to receive compensation under this article, the witness, or another credible
person representing the witness, must sign an affidavit stating the number of
days the witness attended the court and the number of miles the witness
traveled to and from the place of trial. 
The affidavit must be filed with the papers of the case. 

 (Emphasis
added.)

             Therefore, prior to the repeal of subparagraph
(a), the plain language of article 102.002 did not authorize a trial court to assess
non-resident witness fees paid pursuant to article 35.27 as costs of court.   Therefore,
the question becomes, by repealing subparagraph (a), did the Legislature intend
to remove that exclusion?  

            Any
analysis of the Legislature's intent in repealing subparagraph (a) is
complicated by the fact that in repealing that subparagraph, the Sixty-Sixth
Legislature also repealed subparagraphs (b) and (c), and then without making
reference to the repeal, amended subparagraphs (b) and (c) to include
procedures governing the prosecution and administration of misdemeanor offenses
in municipal courts.  See Act of May 22, 1999, 76th
Leg., R.S., ch. 580, § 11(a), 1999 Tex. Gen Laws. 3119, 3123, approved
June 18, 1999, effective September 1, 1999 (repealing subparagraphs (a), (b)
and (c)); See Act of May 30, 1999, 76th
Leg., R.S., ch. 1545, § 63, 1999 Tex. Gen. Laws 5314, 5329-30, approved June
19, 1999, effective September 1, 1999 (amending
subparagraphs (b) and (c)).  If the
intent of the Legislature had been the removal of the article 35.27 exclusion,
it seems the more simple solution would have been to repeal only that portion
of subparagraph (a).  Accordingly, an analysis
of the bill's history does not support the State's contention that witness fees
paid pursuant to article 35.27 are assessable as costs of court under article
102.002.

            Finally,
although counterintuitive to the ultimate position taken, the State argues that
no substantive change in the law was intended by the Legislature when it
repealed subparagraph (a).  We see no
reason to disagree with that analysis. 
If the Legislature did not intend to substantively change the provisions
of subparagraph (c), the repeal of subparagraph (a) did not expand the
assemblage of recoverable costs of court to include non-resident witness
expenses paid pursuant to article 35.27. 
Accordingly, we hold that article 102.002 does not provide for the
assessment of witness fees paid pursuant to article 35.27 as costs of
court.  Appellant's third issue is
sustained.   

Conclusion

            Having
determined that the trial court erred by requiring Appellant to reimburse the
State for the costs of his court-appointed attorney and the non-resident
witness article 35.27 reimbursement expenses, we modify the judgment in Cause
No. 58,210-A to clarify that the order to pay court costs does not include a
requirement that he pay $16,510.26 in attorney fees or $537.05 in witness fees,
and the judgment, as modified, is affirmed. 
The trial court's judgments in Cause Nos. 58,211-A, 58,212-A, 58,213-A, 58,216-A, and 58,217-A are affirmed.  

 

                                                                                                Patrick
A. Pirtle

                                                                                                      Justice  

 

Quinn, C.J. and Campbell, J., concurring.

 

Publish.











[1]We
note that while the judgment in each case states Appellant's first name as
"Viengkhone," the indictments in Cause Nos. 58,210-A, 58,211-A,
58,212-A and 58,213-A state Appellant's first name as
"Vienkhone."  Where names are
substantially the same in character and pronunciation, though slightly varied
in spelling, under the doctrine of idem
sonans, the variance is immaterial.  Jenke v. State, 487
S.W.2d 347 (Tex.Crim.App. 1972).





[2]See Tex. Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2009) and. § 29.03 (Vernon 2009).





[3]Cause Nos. 58,210-A; 58,211-A; 58,212-A.





[4]Cause
No. 58,213-A.





[5]Cause
No. 58,216-A; 58,217-A.





[6]At
various stages of the pretrial proceedings, two of Appellant's appointed-counsel
moved to withdraw from representation. Both motions were granted and new
counsel was appointed.





[7]The
Witness Fee Claim form, which is signed by the non-resident witness and
approved by the trial judge, requests the Comptroller of Public Accounts to reimburse
Potter County, pursuant to Tex. Code of Crim. Proc. Ann. article 35.27 (Vernon
2006), for expenses incurred by the witness, but paid by Potter County, on
account of her attendance as a witness in Appellant's case.





[8]Unless
a material change in his financial resources occurs, once a criminal defendant
has been found to be indigent, he is presumed indigent for the remainder of the
proceedings.  Tex. Code
Crim. Proc. Ann. art. 26.04(p) (Vernon Supp. 2009).





[9]Article 35.27 states, in pertinent part, as follows:

Every person subpoenaed by either party or otherwise required or
requested in writing by the prosecuting attorney or the court to appear for the
purpose of giving testimony in a criminal proceeding who resides outside the
state or the county in which the prosecution is pending shall be reimbursed by
the state for the reasonable and necessary transportation, meal, and lodging
expenses he incurs by reason of his attendance as a witness at such proceeding.

See Tex. Code Crim. Proc. Ann. art. 35.27, § 1(a) (Vernon 2006).

 





[10]For
convenience, we will cite provisions of the Texas Code of Criminal Procedure
throughout the remainder of this opinion simply as "article _______."  





[11]The
overall framework for the assessment of costs by a trial court in a criminal proceeding
is both convoluted and confusing.  Part
of this confusion is created by the fact that customarily bills of costs
prepared by court clerks do not reflect the authority by which those costs are
assessed.  Adding to the confusion is the
plethora of overlapping legislatively enacted provisions dealing with costs to
be paid by criminal defendants.  See, e.g., Tex. Alco.
Bev. Code Ann. §
106.12 (Vernon 2007); Tex. Bus. & Com. Code Ann. § 3.506 (Vernon Supp.
2009); Tex. Bus. Org. Code Ann. § 10.365 (Vernon Pamph.
Supp. 2009); Tex. Code Crim. Proc. Ann. arts. 17.42,
17.43, 17.441, 37.073, 42.037, 42.12, 42.22, 45.0216, 45.026, 45.041, 45.051,
45.055, 45.0511(c-1), 45.0511(f)(1 - 2), 45.052,
45.203, 62.353, 102.001 - 102.072, 103.0031 (Vernon 2006 & Supp. 2009);
Tex. Edu. Code Ann. §37.011
(Vernon Supp. 2009); Tex. Fam. Code Ann. §§
8.262, 8.267, 8.302, 8.303, 45.106, 53.03, 54.032, 54.0411, 54.0461, 54.0462,
54.061, 81.003, 108.006, 110.002, 110.004, 110.005, 158.319, 158.403, 158.503,
160.762, 232.013 (Vernon 2006, 2008 & Supp. 2009); Tex. Gov't Code Ann. §§ 25.0593, 25.0594,
25.1572, 25.2223, 30.00014, 30.00147, 41.258, 51.601,  51.702 - 51,703, 54.313, 54.403,54.745,
54.663, 54.913, 54.983, 54.954, 54.1116, 76.015, 82.0361, 102.001 - 103.033,
411.081 (Vernon 2005 & Supp. 2009); Tex. Health & Safety Code Ann. §§ 161.255, 469.004,
821.023 (Vernon 2010); Tex. Hum. Res. Code Ann. § 152.0522 (Vernon 2001);
Tex. Local Gov't Code Ann. §§
118.131, 132.002, 132.003, 133.101 - 133.154, 191.007 (Vernon 2008 & Supp. 2009);
Tex. Parks and Wildlife Code Ann. §§
12.110, 12.308 (Vernon Supp. 2009); Tex. Transp. Code Ann. §§ 284.2031, 521.026,
521.048, 542.403, 542.407, 545.412, 548.605, 601.263, 706.006 (Vernon 1999,
2007 & Supp. 2009) (not intended as an exhaustive list).  We encourage court clerks to draft their
bills of costs in a manner that would allow a reviewing court to determine the
legal authority upon which a particular fee is based.  Furthermore, as pointed out by the concurring
opinion of Justice Campbell, as it currently exists, article 102.002 does not
provide for the assessment of any fees. 
Accordingly, we encourage the Legislature to consider clarification of
this article in particular and the entire court costs scheme in general.





[12]See Act of May 17, 1985, 69th
Leg., R.S., ch. 269 § 1, 1985 Tex. Gen. Laws 1300, 1302.