NOS. 07-09-0301-CR, 07-09-0302-CR, 07-09-0303-CR,
 07-09-0304-CR, 07-09-0305-CR, 07-09-0306-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 AUGUST 20, 2010

 VIENGKHONE SIKALASINH, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

 NOS. 58,210-A, 58,211-A, 58,212-A, 58,213-A, 58,216-A, 58,217-A;
 HONORABLE HAL MINER, JUDGE

Before QUINN, C.J.. and CAMPBELL and PIRTLE, JJ.

 OPINION

 Appellant, Viengkhone Sikalasinh,[1] was convicted by a jury of three counts of aggravated
assault with a deadly weapon, one count of aggravated assault with a deadly weapon--family member,
and two counts of aggravated robbery, each enhanced by a prior felony conviction.[2] He was
sentenced by a jury to six concurrent sentences of twenty, twenty, ten, sixty, fifteen, and fifteen
years confinement, respectively. Appellant asserts three issues on appeal: (1) whether the trial
court erred by requiring him to pay court-appointed attorney fees as a cost; (2) whether there was
legally sufficient evidence that he was able to pay court-appointed attorney fees as a cost; and (3)
whether he should be required to pay transportation, meal and lodging expenses of a non-resident
witness who was neither an expert witness nor a peace officer. We modify the trial court's judgment
in Cause No. 58,210-A to clarify that payment of $16,510.26 in court-appointed attorney fees and
$537.05 in witness fees is not a part of the court costs ordered in the case and affirm the judgment
as modified. The judgments in Cause Nos. 58,211-A, 58,212-A, 58,213-A, 58,216-A, and 58,217-A are
affirmed.

 Background

 On October 1, 2008, Appellant was indicted for aggravated assault with a deadly weapon
enhanced in three criminal actions;[3] aggravated assault with a deadly weapon--family member in a
single criminal action;[4] and aggravated robbery in two criminal actions.[5]

 During the course of the pretrial proceedings, Appellant filed three affidavits requesting
court-appointed counsel. His financial information showed he was too poor to employ counsel, and
the trial court granted his requests based upon financial need.[6]

 The State's six criminal actions against Appellant were consolidated on August 10, 2009, and
tried before a jury over the next four days. During its case-in-chief, the State called the manager
of the apartment complex where Appellant's crime spree had occurred. At the time of trial, this
particular witness had moved to McLennan County, Texas. Thus, the State subpoenaed her to trial as
an out-of-county or non-resident witness.

 Appellant was convicted of all charges and sentenced in accordance with the jury's verdict.
Subsequently, the trial court approved a Witness Fee Claim for the non-resident witness's trial
attendance totaling $537.05 for lodging, meal, and travel expenses incurred.[7] The trial court
also approved an Attorney Fee Voucher submitted by Appellant's court-appointed attorney for services
rendered from July 10, 2009 until the end of trial totaling $16,510.26.

 On September 1, 2009, the trial court signed Judgments of Conviction by Jury in each of the
six cases consolidated for trial. In each case, the summary portion of the judgment reflects "Court
Costs: see attached," while the narrative portion of the judgment orders Appellant to pay court
costs "as indicated above." In the Clerk's Record from Cause No. 07-09-0301-CR (trial court Cause
No. 58,210-A), the first page following the judgment is a certified bill of costs, also dated
September 1, 2009, that reflects "Attorney Fees (Court Appointed) $16,510.26" and "Witness Fee
$537.05." In the remaining five criminal actions, Cause Nos. 07-09-0302-CR, 07-09-0303-CR, 07-09-
0304-CR, 07-09-0305-CR and 07-09-0306-CR (trial court Cause Nos. 58,211-A, 58,212-A, 58,213-A,
58,216-A, and 58,217-A, respectively), the first page following the judgment in the Clerk's Record
is a certified bill of costs reflecting no attorney's fees and no witness fees.

 Issues 1 & 2 -- Court-Appointed Attorney Fees

 Under article 26.05 of the Texas Code of Criminal Procedure, the trial court has authority to
order reimbursement of appointed attorney fees if the court determines that a defendant has
financial resources that enable him to offset, in part or in whole, the cost of legal services
provided. See Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon Supp. 2009). The record before us,
however, does not contain a determination or finding by the trial court that Appellant had any
financial resources or was "able to pay" any appointed attorney fees.[8] In fact, subsequent to the
judgment, the trial court appointed an attorney to handle Appellant's appeal due to his indigency.

 Prior to filing his appeal, Appellant did not have the benefit of the recent opinion by the
Court of Criminal Appeals holding that, without record evidence to demonstrate a defendant's
financial resources to offset the costs of legal services, a trial court errs if it orders
reimbursement of court-appointed attorney fees. Mayer v. State, 309 S.W.3d 552 (Tex.Crim.App.
2010). In light of this recent ruling, the State candidly concedes that the court-appointed
attorney fees here, $16,510.26, should not have been included in the Judgment as costs to be paid by
Appellant because there is no record evidence indicating Appellant is "able to pay." We agree.
Accordingly, Appellant's issues one and two are sustained as to Cause No. 07-09-0301-CR (trial court
Cause No. 58,210-A), but are overruled as to the remaining five actions.

 Issue 3 -- Witness Fees

 Appellant also asserts he is not liable for the non-resident witness fees because there is no
authority for him to be ordered to pay, as costs of court, witness fees paid pursuant to article
35.27[9] of the Texas Code of Criminal Procedure.[10] The State contends that article 102.002 of
the Texas Code of Criminal Procedure authorizes the trial court to assess witness fees paid pursuant
to article 35.27 as costs of court. We disagree with the State.

 Every person subpoenaed for the purpose of giving testimony in a criminal proceeding who
resides outside the county in which the prosecution is pending is entitled to be reimbursed by the
state for reasonable and necessary transportation, meal, and lodging expenses incurred by that
witness by reason of his or her attendance as a witness. See art. 35.27, § 1(a). Where a county
has paid those expenses, the county is entitled to reimbursement by the state as an assignee of the
witness. See art. 35.27 § 7. Here, pursuant to article 35.27, § 7, Potter County was paid the sum
of $537.05 as compensation for the expenses incurred in connection with the attendance of the non-
resident witness in Appellant's case. At issue here is whether the trial court properly assessed
the amount of that reimbursement against Appellant as costs of court.

 Article 35.27 provides a mechanism for the reimbursement of witness expenses; it does not
provide for the assessment of those expenses as costs of court. Therefore, the State relies upon
article 102.002 as authority for assessment of "witness fees" as costs of court. Because article
102.002 does not expressly provide for the assessment of article 35.27 payments as costs of court,
resolution of this issue involves the statutory construction of article 102.002.

 Standard of Review

 Issues governed by statutory construction are questions of law for the reviewing court to
decide. City of Lubbock v. Adams, 149 S.W.3d 820, 826-27 (Tex.App.--Amarillo 2004, pet. denied).
Because proper statutory construction is a question of law, a trial court has no discretion in
rendering an interpretation; Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992), and no particular
deference need be given to the trial court's findings by the reviewing court. Bandera v. Indep.
Sch. Dist. v. Hamilton, 2 S.W.3d 367, 370 (Tex.App.--San Antonio 1999, pet. denied). Thus, when we
construe a statute, we conduct a de novo review; Texas Dep't of Transp. v. Needham, 82 S.W.3d 314,
318 (Tex. 2002), with our primary objective being to ascertain and give effect to the Legislature's
intent. Texas Dept. of Protective and Regulatory Services v. Mega Child Care, 145 S.W.3d 170, 176
(Tex. 2004). We construe a statute as written and, if possible, ascertain the legislative intent
from the language used in the statute. Union Bankers Ins. Co. v. Shelton, 889 S.W.2d 278, 280 (Tex.
1994). Thus, we begin with the plain and common meaning of the statute's words. Texas Dept. of
Transp. v. City of Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004).

 Article 102.002 - Texas Code of Criminal Procedure

 Chapter 102 of the Texas Code of Criminal Procedure, entitled "Costs Paid by Defendants,"
provides a general framework for the assessment of costs by a trial court in a criminal
proceeding.[11] Under Subchapter A, entitled "General Costs," we find article 102.002 dealing with
"witness fees."

 Article 102.002 states as follows:
 (a) Repealed by Acts 1999, 76th Leg., ch. 580, Sec. 11(a), eff. Sept. 1, 1999.

 (b) The justices of the peace and municipal courts shall maintain a record of and the clerks of
 district and county courts and county courts at law shall keep a book and record in the book:

 (1) the number and style of each criminal action before the court;

 (2) the name of each witness subpoenaed, attached, or recognized to testify in the
 action; and

 (3) whether the witness was a witness for the state or for the defendant.

 (c) Except as otherwise provided by this subsection, a defendant is liable on conviction for
 the fees provided by this article for witnesses in the defendant's case. If a defendant
 convicted of a misdemeanor does not pay the defendant's fines and costs, the county or
 municipality, as appropriate, is liable for the fees provided by this article for witnesses in
 the defendant's case.

 (d) If a person is subpoenaed as a witness in a criminal case and fails to appear, the person
 is liable for the costs of an attachment, unless he shows good cause to the court why he did
 not appear.

(Emphasis added).

 Pursuant to article 102.002, in order for a defendant to be liable for witness fees, three
events must occur: (1) the defendant must be convicted, (2) the witness must have testified in the
"defendant's case," and (3) the fees must be "provided by this article," i.e., article 102.002. See
art. 102.002(c). Here, clearly Appellant was convicted; therefore, the two questions remaining are
(1) whether or not the witness testified in the “defendant's case,” and (2) whether the fees paid
were provided by article 102.002.

 As to the first question, Appellant contends that because the non-resident witness testified
in the State's case-in-chief only, she did not testify in the "defendant's case." The State
disagrees, contending that the article applies because the non-resident witness was a witness in the
prosecution of the defendant's case. Based upon our analysis of the second question pertaining to
whether the fees were provided by article 102.002, we need not decide this question.

 As to the second question, Appellant contends the plain language of article 102.002 does not
provide for the assessment of non-resident witness fees paid pursuant to article 35.27. The State
counters by contending that it does.

 Prior to its repeal in 1999, section (a) of article 102.002 provided:[12]

 A person subpoenaed, attached, or recognized as a witness, other than a witness entitled to
 receive compensation under Article 35.27 of this Code, is entitled to receive $1.50 per day in
 attendance in court and six cents per mile traveling to or returning from the trial. In order
 to receive compensation under this article, the witness, or another credible person
 representing the witness, must sign an affidavit stating the number of days the witness
 attended the court and the number of miles the witness traveled to and from the place of trial.
 The affidavit must be filed with the papers of the case.

 (Emphasis added.)

 Therefore, prior to the repeal of subparagraph (a), the plain language of article 102.002 did
not authorize a trial court to assess non-resident witness fees paid pursuant to article 35.27 as
costs of court. Therefore, the question becomes, by repealing subparagraph (a), did the
Legislature intend to remove that exclusion?

 Any analysis of the Legislature's intent in repealing subparagraph (a) is complicated by the
fact that in repealing that subparagraph, the Sixty-Sixth Legislature also repealed subparagraphs
(b) and (c), and then without making reference to the repeal, amended subparagraphs (b) and (c) to
include procedures governing the prosecution and administration of misdemeanor offenses in municipal
courts. See Act of May 22, 1999, 76th Leg., R.S., ch. 580, § 11(a), 1999 Tex. Gen Laws. 3119, 3123,
approved June 18, 1999, effective September 1, 1999 (repealing subparagraphs (a), (b) and (c)); See
Act of May 30, 1999, 76th Leg., R.S., ch. 1545, § 63, 1999 Tex. Gen. Laws 5314, 5329-30, approved
June 19, 1999, effective September 1, 1999 (amending subparagraphs (b) and (c)). If the intent of
the Legislature had been the removal of the article 35.27 exclusion, it seems the more simple
solution would have been to repeal only that portion of subparagraph (a). Accordingly, an analysis
of the bill's history does not support the State's contention that witness fees paid pursuant to
article 35.27 are assessable as costs of court under article 102.002.

 Finally, although counterintuitive to the ultimate position taken, the State argues that no
substantive change in the law was intended by the Legislature when it repealed subparagraph (a). We
see no reason to disagree with that analysis. If the Legislature did not intend to substantively
change the provisions of subparagraph (c), the repeal of subparagraph (a) did not expand the
assemblage of recoverable costs of court to include non-resident witness expenses paid pursuant to
article 35.27. Accordingly, we hold that article 102.002 does not provide for the assessment of
witness fees paid pursuant to article 35.27 as costs of court. Appellant's third issue is
sustained.

 Conclusion

 Having determined that the trial court erred by requiring Appellant to reimburse the State for
the costs of his court-appointed attorney and the non-resident witness article 35.27 reimbursement
expenses, we modify the judgment in Cause No. 58,210-A to clarify that the order to pay court costs
does not include a requirement that he pay $16,510.26 in attorney fees or $537.05 in witness fees,
and the judgment, as modified, is affirmed. The trial court's judgments in Cause Nos. 58,211-A,
58,212-A, 58,213-A, 58,216-A, and 58,217-A are affirmed.

 Patrick A. Pirtle
 Justice

Quinn, C.J. and Campbell, J., concurring.

Publish.
-----------------------
[1]We note that while the judgment in each case states Appellant's first name as "Viengkhone," the
indictments in Cause Nos. 58,210-A, 58,211-A, 58,212-A and 58,213-A state Appellant's first name as
"Vienkhone." Where names are substantially the same in character and pronunciation, though slightly
varied in spelling, under the doctrine of idem sonans, the variance is immaterial. Jenke v. State,
487 S.W.2d 347 (Tex.Crim.App. 1972).

[2]See Tex. Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2009) and. § 29.03 (Vernon 2009).

[3]Cause Nos. 58,210-A; 58,211-A; 58,212-A.

[4]Cause No. 58,213-A.

[5]Cause No. 58,216-A; 58,217-A.

[6]At various stages of the pretrial proceedings, two of Appellant's appointed-counsel moved to
withdraw from representation. Both motions were granted and new counsel was appointed.

[7]The Witness Fee Claim form, which is signed by the non-resident witness and approved by the trial
judge, requests the Comptroller of Public Accounts to reimburse Potter County, pursuant to Tex. Code
of Crim. Proc. Ann. article 35.27 (Vernon 2006), for expenses incurred by the witness, but paid by
Potter County, on account of her attendance as a witness in Appellant's case.

[8]Unless a material change in his financial resources occurs, once a criminal defendant has been
found to be indigent, he is presumed indigent for the remainder of the proceedings. Tex. Code Crim.
Proc. Ann. art. 26.04(p) (Vernon Supp. 2009).

[9]Article 35.27 states, in pertinent part, as follows:

 Every person subpoenaed by either party or otherwise required or requested in writing by the
 prosecuting attorney or the court to appear for the purpose of giving testimony in a criminal
 proceeding who resides outside the state or the county in which the prosecution is pending
 shall be reimbursed by the state for the reasonable and necessary transportation, meal, and
 lodging expenses he incurs by reason of his attendance as a witness at such proceeding.

See Tex. Code Crim. Proc. Ann. art. 35.27, § 1(a) (Vernon 2006).

[10]For convenience, we will cite provisions of the Texas Code of Criminal Procedure throughout the
remainder of this opinion simply as "article _______."

[11]The overall framework for the assessment of costs by a trial court in a criminal proceeding is
both convoluted and confusing. Part of this confusion is created by the fact that customarily bills
of costs prepared by court clerks do not reflect the authority by which those costs are assessed.
Adding to the confusion is the plethora of overlapping legislatively enacted provisions dealing with
costs to be paid by criminal defendants. See, e.g., Tex. Alco. Bev. Code Ann. § 106.12 (Vernon
2007); Tex. Bus. & Com. Code Ann. § 3.506 (Vernon Supp. 2009); Tex. Bus. Org. Code Ann. § 10.365
(Vernon Pamph. Supp. 2009); Tex. Code Crim. Proc. Ann. arts. 17.42, 17.43, 17.441, 37.073, 42.037,
42.12, 42.22, 45.0216, 45.026, 45.041, 45.051, 45.055, 45.0511(c-1), 45.0511(f)(1 - 2), 45.052,
45.203, 62.353, 102.001 - 102.072, 103.0031 (Vernon 2006 & Supp. 2009); Tex. Edu. Code Ann. §37.011
(Vernon Supp. 2009); Tex. Fam. Code Ann. §§ 8.262, 8.267, 8.302, 8.303, 45.106, 53.03, 54.032,
54.0411, 54.0461, 54.0462, 54.061, 81.003, 108.006, 110.002, 110.004, 110.005, 158.319, 158.403,
158.503, 160.762, 232.013 (Vernon 2006, 2008 & Supp. 2009); Tex. Gov't Code Ann. §§ 25.0593,
25.0594, 25.1572, 25.2223, 30.00014, 30.00147, 41.258, 51.601, 51.702 - 51,703, 54.313,
54.403,54.745, 54.663, 54.913, 54.983, 54.954, 54.1116, 76.015, 82.0361, 102.001 - 103.033, 411.081
(Vernon 2005 & Supp. 2009); Tex. Health & Safety Code Ann. §§ 161.255, 469.004, 821.023 (Vernon
2010); Tex. Hum. Res. Code Ann. § 152.0522 (Vernon 2001); Tex. Local Gov't Code Ann. §§ 118.131,
132.002, 132.003, 133.101 - 133.154, 191.007 (Vernon 2008 & Supp. 2009); Tex. Parks and Wildlife
Code Ann. §§ 12.110, 12.308 (Vernon Supp. 2009); Tex. Transp. Code Ann. §§ 284.2031, 521.026,
521.048, 542.403, 542.407, 545.412, 548.605, 601.263, 706.006 (Vernon 1999, 2007 & Supp. 2009) (not
intended as an exhaustive list). We encourage court clerks to draft their bills of costs in a
manner that would allow a reviewing court to determine the legal authority upon which a particular
fee is based. Furthermore, as pointed out by the concurring opinion of Justice Campbell, as it
currently exists, article 102.002 does not provide for the assessment of any fees. Accordingly, we
encourage the Legislature to consider clarification of this article in particular and the entire
court costs scheme in general.

[12]See Act of May 17, 1985, 69th Leg., R.S., ch. 269 § 1, 1985 Tex. Gen. Laws 1300, 1302.