NOS. 07-09-0301-CR, 07-09-0302-CR, 07-09-0303-CR,
07-09-0304-CR, 07-09-0305-CR, 07-09-0306-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 20, 2010

_____


VIENGKHONE SIKALASINH, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____


FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NOS. 58,210-A, 58,211-A, 58,212-A, 58,213-A, 58,216-A, 58,217-A;
HONORABLE HAL MINER, JUDGE

_____


Before QUINN, C.J.. and CAMPBELL and PIRTLE, JJ.


**OPINION**

Appellant, Viengkhone Sikalasinh,[1] was convicted by a jury of three counts of

aggravated assault with a deadly weapon, one count of aggravated assault with a

---

[1]We note that while the judgment in each case states Appellant's first name as "Viengkhone," the indictments in Cause Nos. 58,210-A, 58,211-A, 58,212-A and 58,213-A state Appellant's first name as "Vienkhone." Where names are substantially the same in character and pronunciation, though slightly varied in spelling, under the doctrine of *idem sonans,* the variance is immaterial. *Jenke v. State,* 487 S.W.2d 347 (Tex.Crim.App. 1972).

deadly weapon--family member, and two counts of aggravated robbery, each enhanced by a prior felony conviction.[2] He was sentenced by a jury to six concurrent sentences of twenty, twenty, ten, sixty, fifteen, and fifteen years confinement, respectively. Appellant asserts three issues on appeal: (1) whether the trial court erred by requiring him to pay court-appointed attorney fees as a cost; (2) whether there was legally sufficient evidence that he was able to pay court-appointed attorney fees as a cost; and (3) whether he should be required to pay transportation, meal and lodging expenses of a non-resident witness who was neither an expert witness nor a peace officer. We modify the trial court's judgment in Cause No. 58,210-A to clarify that payment of $16,510.26 in court-appointed attorney fees and $537.05 in witness fees is not a part of the court costs ordered in the case and affirm the judgment as modified. The judgments in Cause Nos. 58,211-A, 58,212-A, 58,213-A, 58,216-A, and 58,217-A are affirmed.

## Background

On October 1, 2008, Appellant was indicted for aggravated assault with a deadly weapon enhanced in three criminal actions;[3] aggravated assault with a deadly weapon--family member in a single criminal action;[4] and aggravated robbery in two criminal actions.[5]

---

[2]See Tex. Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2009) and. § 29.03 (Vernon 2009).

[3]Cause Nos. 58,210-A; 58,211-A; 58,212-A.

[4]Cause No. 58,213-A.

[5]Cause No. 58,216-A; 58,217-A.

During the course of the pretrial proceedings, Appellant filed three affidavits requesting court-appointed counsel. His financial information showed he was too poor to employ counsel, and the trial court granted his requests based upon financial need.[6]

The State's six criminal actions against Appellant were consolidated on August 10, 2009, and tried before a jury over the next four days. During its case-in-chief, the State called the manager of the apartment complex where Appellant's crime spree had occurred. At the time of trial, this particular witness had moved to McLennan County, Texas. Thus, the State subpoenaed her to trial as an out-of-county or non-resident witness.

Appellant was convicted of all charges and sentenced in accordance with the jury's verdict. Subsequently, the trial court approved a Witness Fee Claim for the non-resident witness's trial attendance totaling $537.05 for lodging, meal, and travel expenses incurred.[7] The trial court also approved an Attorney Fee Voucher submitted by Appellant's court-appointed attorney for services rendered from July 10, 2009 until the end of trial totaling $16,510.26.

On September 1, 2009, the trial court signed Judgments of Conviction by Jury in each of the six cases consolidated for trial. In each case, the summary portion of the judgment reflects "Court Costs: see attached," while the narrative portion of the

[6]At various stages of the pretrial proceedings, two of Appellant's appointed-counsel moved to withdraw from representation. Both motions were granted and new counsel was appointed.

[7]The Witness Fee Claim form, which is signed by the non-resident witness and approved by the trial judge, requests the Comptroller of Public Accounts to reimburse Potter County, pursuant to Tex. Code of Crim. Proc. Ann. article 35.27 (Vernon 2006), for expenses incurred by the witness, but paid by Potter County, on account of her attendance as a witness in Appellant's case.

judgment orders Appellant to pay court costs "as indicated above." In the Clerk's Record from Cause No. 07-09-0301-CR (trial court Cause No. 58,210-A), the first page following the judgment is a certified bill of costs, also dated September 1, 2009, that reflects "Attorney Fees (Court Appointed) $16,510.26" and "Witness Fee $537.05." In the remaining five criminal actions, Cause Nos. 07-09-0302-CR, 07-09-0303-CR, 07-09-0304-CR, 07-09-0305-CR and 07-09-0306-CR (trial court Cause Nos. 58,211-A, 58,212-A, 58,213-A, 58,216-A, and 58,217-A, respectively), the first page following the judgment in the Clerk's Record is a certified bill of costs reflecting no attorney's fees and no witness fees.

### Issues 1 & 2 -- Court-Appointed Attorney Fees

Under article 26.05 of the Texas Code of Criminal Procedure, the trial court has authority to order reimbursement of appointed attorney fees if the court determines that a defendant has financial resources that enable him to offset, in part or in whole, the cost of legal services provided. See Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon Supp. 2009). The record before us, however, does not contain a determination or finding by the trial court that Appellant had any financial resources or was "able to pay" any appointed attorney fees.[8] In fact, subsequent to the judgment, the trial court appointed an attorney to handle Appellant's appeal due to his indigency.

---

[8]Unless a material change in his financial resources occurs, once a criminal defendant has been found to be indigent, he is presumed indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art. 26.04(p) (Vernon Supp. 2009).

4

Prior to filing his appeal, Appellant did not have the benefit of the recent opinion by the Court of Criminal Appeals holding that, without record evidence to demonstrate a defendant's financial resources to offset the costs of legal services, a trial court errs if it orders reimbursement of court-appointed attorney fees. *Mayer v. State*, 309 S.W.3d 552 (Tex.Crim.App. 2010). In light of this recent ruling, the State candidly concedes that the court-appointed attorney fees here, $16,510.26, should not have been included in the Judgment as costs to be paid by Appellant because there is no record evidence indicating Appellant is "able to pay." We agree. Accordingly, Appellant's issues one and two are sustained as to Cause No. 07-09-0301-CR (trial court Cause No. 58,210-A), but are overruled as to the remaining five actions.

**Issue 3 -- Witness Fees**

Appellant also asserts he is not liable for the non-resident witness fees because there is no authority for him to be ordered to pay, as costs of court, witness fees paid pursuant to article 35.27[9] of the Texas Code of Criminal Procedure.[10] The State contends that article 102.002 of the Texas Code of Criminal Procedure authorizes the

---

[9]Article 35.27 states, in pertinent part, as follows:

> Every person subpoenaed by either party or otherwise required or requested in writing by the prosecuting attorney or the court to appear for the purpose of giving testimony in a criminal proceeding who resides outside the state or the county in which the prosecution is pending shall be reimbursed by the state for the reasonable and necessary transportation, meal, and lodging expenses he incurs by reason of his attendance as a witness at such proceeding.

*See* Tex. Code Crim. Proc. Ann. art. 35.27, § 1(a) (Vernon 2006).

[10]For convenience, we will cite provisions of the Texas Code of Criminal Procedure throughout the remainder of this opinion simply as "article _____."

5

trial court to assess witness fees paid pursuant to article 35.27 as costs of court.  We disagree with the State.

Every person subpoenaed for the purpose of giving testimony in a criminal proceeding who resides outside the county in which the prosecution is pending is entitled to be reimbursed by the state for reasonable and necessary transportation, meal, and lodging expenses incurred by that witness by reason of his or her attendance as a witness.  *See* art. 35.27, § 1(a).  Where a county has paid those expenses, the county is entitled to reimbursement by the state as an assignee of the witness.  *See* art. 35.27 § 7.  Here, pursuant to article 35.27, § 7, Potter County was paid the sum of $537.05 as compensation for the expenses incurred in connection with the attendance of the non-resident witness in Appellant's case.  At issue here is whether the trial court properly assessed the amount of that reimbursement against Appellant as costs of court.

Article 35.27 provides a mechanism for the reimbursement of witness expenses; it does not provide for the assessment of those expenses as costs of court.  Therefore, the State relies upon article 102.002 as authority for assessment of "witness fees" as costs of court.  Because article 102.002 does not expressly provide for the assessment of article 35.27 payments as costs of court, resolution of this issue involves the statutory construction of article 102.002.

**Standard of Review**

Issues governed by statutory construction are questions of law for the reviewing court to decide. *City of Lubbock v. Adams*, 149 S.W.3d 820, 826-27 (Tex.App.--Amarillo 2004, pet. denied). Because proper statutory construction is a question of law, a trial court has no discretion in rendering an interpretation; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992), and no particular deference need be given to the trial court's findings by the reviewing court. *Bandera v. Indep. Sch. Dist. v. Hamilton*, 2 S.W.3d 367, 370 (Tex.App.--San Antonio 1999, pet. denied). Thus, when we construe a statute, we conduct a *de novo* review; *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002), with our primary objective being to ascertain and give effect to the Legislature's intent. *Texas Dept. of Protective and Regulatory Services v. Mega Child Care*, 145 S.W.3d 170, 176 (Tex. 2004). We construe a statute as written and, if possible, ascertain the legislative intent from the language used in the statute. *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 280 (Tex. 1994). Thus, we begin with the plain and common meaning of the statute's words. *Texas Dept. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004).

**Article 102.002 - Texas Code of Criminal Procedure**

Chapter 102 of the Texas Code of Criminal Procedure, entitled "Costs Paid by Defendants," provides a general framework for the assessment of costs by a trial court

in a criminal proceeding.[11]   Under Subchapter A, entitled "General Costs," we find

article 102.002 dealing with "witness fees."

Article 102.002 states as follows:

(a) Repealed by Acts 1999, 76th Leg., ch. 580, Sec. 11(a), eff. Sept. 1, 1999.

(b) The justices of the peace and municipal courts shall maintain a record of and the clerks of district and county courts and county courts at law shall keep a book and record in the book:

(1) the number and style of each criminal action before the court;

(2) the name of each witness subpoenaed, attached, or recognized to testify in the action; and

---

[11]The overall framework for the assessment of costs by a trial court in a criminal proceeding is both convoluted and confusing.  Part of this confusion is created by the fact that customarily bills of costs prepared by court clerks do not reflect the authority by which those costs are assessed.  Adding to the confusion is the plethora of overlapping legislatively enacted provisions dealing with costs to be paid by criminal defendants.  *See, e.g.,* Tex. Alco. Bev. Code Ann. § 106.12 (Vernon 2007); Tex. Bus. & Com. Code Ann. § 3.506 (Vernon Supp. 2009); Tex. Bus. Org. Code Ann. § 10.365 (Vernon Pamph. Supp. 2009); Tex. Code Crim. Proc. Ann. arts. 17.42, 17.43, 17.441, 37.073, 42.037, 42.12, 42.22, 45.0216, 45.026, 45.041, 45.051, 45.055, 45.0511(c-1), 45.0511(f)(1 - 2), 45.052, 45.203, 62.353, 102.001 - 102.072, 103.0031 (Vernon 2006 & Supp. 2009); Tex. Edu. Code Ann. §37.011 (Vernon Supp. 2009); Tex. Fam. Code Ann. §§ 8.262, 8.267, 8.302, 8.303, 45.106, 53.03, 54.032, 54.0411, 54.0461, 54.0462, 54.061, 81.003, 108.006, 110.002, 110.004, 110.005, 158.319, 158.403, 158.503, 160.762, 232.013 (Vernon 2006, 2008 & Supp. 2009); Tex. Gov't Code Ann. §§ 25.0593, 25.0594, 25.1572, 25.2223, 30.00014, 30.00147, 41.258, 51.601,  51.702 - 51,703, 54.313, 54.403,54.745, 54.663, 54.913, 54.983, 54.954, 54.1116, 76.015, 82.0361, 102.001 - 103.033, 411.081 (Vernon 2005 & Supp. 2009); Tex. Health & Safety Code Ann. §§ 161.255, 469.004, 821.023 (Vernon 2010); Tex. Hum. Res. Code Ann. § 152.0522 (Vernon 2001); Tex. Local Gov't Code Ann. §§ 118.131, 132.002, 132.003, 133.101 - 133.154, 191.007 (Vernon 2008 & Supp. 2009); Tex. Parks and Wildlife Code Ann. §§ 12.110, 12.308 (Vernon Supp. 2009); Tex. Transp. Code Ann. §§ 284.2031, 521.026, 521.048, 542.403, 542.407, 545.412, 548.605, 601.263, 706.006 (Vernon 1999, 2007 & Supp. 2009) (not intended as an exhaustive list).  We encourage court clerks to draft their bills of costs in a manner that would allow a reviewing court to determine the legal authority upon which a particular fee is based.  Furthermore, as pointed out by the concurring opinion of Justice Campbell, as it currently exists, article 102.002 does not provide for the assessment of any fees. Accordingly, we encourage the Legislature to consider clarification of this article in particular and the entire court costs scheme in general.

(3) whether the witness was a witness for the state or for the defendant.

(c) Except as otherwise provided by this subsection, *a defendant is liable on conviction for the fees provided by this article for witnesses in the defendant's case.* If a defendant convicted of a misdemeanor does not pay the defendant's fines and costs, the county or municipality, as appropriate, is liable for the fees provided by this article for witnesses in the defendant's case.

(d) If a person is subpoenaed as a witness in a criminal case and fails to appear, the person is liable for the costs of an attachment, unless he shows good cause to the court why he did not appear.

(Emphasis added).

Pursuant to article 102.002, in order for a defendant to be liable for witness fees, three events must occur: (1) the defendant must be convicted, (2) the witness must have testified in the "defendant's case," and (3) the fees must be "provided by this article," i.e., article 102.002. *See* art. 102.002(c). Here, clearly Appellant was convicted; therefore, the two questions remaining are (1) whether or not the witness testified in the "defendant's case," and (2) whether the fees paid were provided by article 102.002.

As to the first question, Appellant contends that because the non-resident witness testified in the State's case-in-chief only, she did not testify in the "defendant's case." The State disagrees, contending that the article applies because the non-resident witness was a witness in the prosecution of the defendant's case. Based upon our analysis of the second question pertaining to whether the fees were provided by article 102.002, we need not decide this question.

9

As to the second question, Appellant contends the plain language of article 102.002 does not provide for the assessment of non-resident witness fees paid pursuant to article 35.27. The State counters by contending that it does.

Prior to its repeal in 1999, section (a) of article 102.002 provided:[12]

> A person subpoenaed, attached, or recognized as a witness, *other than a witness entitled to receive compensation under Article 35.27 of this Code*, is entitled to receive $1.50 per day in attendance in court and six cents per mile traveling to or returning from the trial. In order to receive compensation under this article, the witness, or another credible person representing the witness, must sign an affidavit stating the number of days the witness attended the court and the number of miles the witness traveled to and from the place of trial. The affidavit must be filed with the papers of the case.

(Emphasis added.)

Therefore, prior to the repeal of subparagraph (a), the plain language of article 102.002 did not authorize a trial court to assess non-resident witness fees paid pursuant to article 35.27 as costs of court. Therefore, the question becomes, by repealing subparagraph (a), did the Legislature intend to remove that exclusion?

Any analysis of the Legislature's intent in repealing subparagraph (a) is complicated by the fact that in repealing that subparagraph, the Sixty-Sixth Legislature also repealed subparagraphs (b) and (c), and then without making reference to the repeal, amended subparagraphs (b) and (c) to include procedures governing the prosecution and administration of misdemeanor offenses in municipal courts. *See* Act of May 22, 1999, 76th Leg., R.S., ch. 580, § 11(a), 1999 Tex. Gen Laws. 3119, 3123,

---

[12]*See* Act of May 17, 1985, 69th Leg., R.S., ch. 269 § 1, 1985 Tex. Gen. Laws 1300, 1302.

approved June 18, 1999, effective September 1, 1999 (repealing subparagraphs (a), (b) and (c)); *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1545, § 63, 1999 Tex. Gen. Laws 5314, 5329-30, approved June 19, 1999, effective September 1, 1999 (*amending* subparagraphs (b) and (c)). If the intent of the Legislature had been the removal of the article 35.27 exclusion, it seems the more simple solution would have been to repeal only that portion of subparagraph (a). Accordingly, an analysis of the bill's history does not support the State's contention that witness fees paid pursuant to article 35.27 are assessable as costs of court under article 102.002.

Finally, although counterintuitive to the ultimate position taken, the State argues that no substantive change in the law was intended by the Legislature when it repealed subparagraph (a). We see no reason to disagree with that analysis. If the Legislature did not intend to substantively change the provisions of subparagraph (c), the repeal of subparagraph (a) did not expand the assemblage of recoverable costs of court to include non-resident witness expenses paid pursuant to article 35.27. Accordingly, we hold that article 102.002 does not provide for the assessment of witness fees paid pursuant to article 35.27 as costs of court. Appellant's third issue is sustained.

## Conclusion

Having determined that the trial court erred by requiring Appellant to reimburse the State for the costs of his court-appointed attorney and the non-resident witness article 35.27 reimbursement expenses, we modify the judgment in Cause No. 58,210-A to clarify that the order to pay court costs does not include a requirement that he pay $16,510.26 in attorney fees or $537.05 in witness fees, and the judgment, as modified,

11

is affirmed.  The trial court's judgments in Cause Nos. 58,211-A, 58,212-A, 58,213-A, 58,216-A, and 58,217-A are affirmed.


Patrick A. Pirtle
Justice


Quinn, C.J. and Campbell, J., concurring.


Publish.