NO. 07-12-0120-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 26, 2012

_____

IN RE VIENGKHONE SIKALASINH, RELATOR

_____

ORIGINAL PROCEEDING ARISING OUT OF PROCEEDINGS
BEFORE THE 47TH DISTRICT COURT OF POTTER COUNTY;
NOS. 58,210-A, 58,211-A, 58,212-A, 58,213-A, 58,216-A & 58,217-A;
HONORABLE DAN SCHAAP, JUDGE[1]

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

By this original proceeding, Relator, Viengkhone Sikalasinh, seeks a writ of mandamus to compel the Honorable Dan Schaap to rule on a motion to discharge or waive payment of fees assessed by *Orders to Withdraw Funds* entered pursuant to section 501.014(e) of the Texas Government Code. Alternatively, Relator seeks to challenge the assessed fees in the trial court. For the reasons explained herein, we deny the relief requested.

---

[1]The presiding judge at the time of Relator's convictions was the Honorable Hal Miner.

## Background

Relator was convicted of three counts of aggravated assault with a deadly weapon, one count of aggravated assault with a deadly weapon on a family member and two counts of aggravated robbery, each enhanced by a prior felony conviction. Punishment was assessed at six concurrent sentences of twenty, twenty, ten, sixty, fifteen and fifteen years confinement, respectively. On direct appeal, his convictions were affirmed; however, the judgment in trial court cause number 58,210-A was modified to clarify that Relator was not liable for $16,510.26 for court-appointed attorney's fees due to his inability to pay. *See Sikalasinh v. State*, 321 S.W.3d 792, 795 (Tex.App.--Amarillo 2009, no pet.). That same judgment was also modified to clarify that Relator was not responsible for reimbursement of non-resident witness fees of $537.05 because article 102.002 of the Texas Code of Criminal Procedure does not provide for the assessment of witness fees paid pursuant to article 35.27 of the Code. *See id.* at 798.

## Mandamus Standard of Review

Mandamus relief is extraordinary. *In re Braswell*, 310 S.W.3d 165, 166 (Tex.App.--Amarillo 2010, orig. proceeding) (citing *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding)). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d

2

916, 917 (Tex. 1985) (orig. proceeding). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

## Analysis

Relator alleges he filed a motion in the trial court on May 31, 2011, objecting to court costs that were assessed separate and apart from attorney's fees and witness fees. According to his mandamus petition, he alleged due process violations and insufficiency of the evidence to support assessment of court costs. He also maintains in his petition that he requested an update on his motion on September 19, 2011, filed a request for hearing on November 3, 2011, and finally, on November 19, 2011, made an inquiry on the status of his motion. No copies of his requests are included with his petition. However, he has included copies of judgments and bills of costs from all six causes. The only *Order to Withdraw Funds* included with his petition pertains to trial court cause number 58,210-A which was amended to delete court-appointed attorney's fees and witness fees. The order reflects a payment of $50 and a balance of $330.58 due and owing for court costs. No *Orders to Withdraw Funds* on the remaining five cause numbers are included with the documentation supplied by Relator.

Rule 52.3 of the Texas Rules of Appellate Procedure sets forth the form and content of a petition for writ of mandamus. Relator's petition filed on April 2, 2012, did not comply with Rule 52.3. This Court advised Relator by letter dated April 10, 2012, of

the deficiencies in his petition and for the sake of judicial economy, afforded him until June 11, 2012, to supplement his petition in order to review the merits of his complaints. To date, Relator has not supplemented the petition nor communicated with this Court. Consequently, he has failed to comply with a notice from the Clerk of this Court requiring action by a specified date. His failure to provide the requested documentation prevents this Court from considering his complaints.

Additionally, it appears that Relator is attempting to challenge legislatively mandated fees and costs which are properly collectable by means of a withdrawal order pursuant to section 501.014(e) of the Texas Government Code regardless of ability to pay. *See Williams v. State*, 332 S.W.3d 694, 700 (Tex.App.--Amarillo 2011, pet. denied). This Court has held that the trial court does not abuse its discretion nor violate a duty imposed by law for which there is no adequate remedy at law simply by entering an order to withdraw funds. *See In re Braswell*, 310 S.W.3d at 170.

Accordingly, Relator's petition for writ of mandamus is denied.

Patrick A. Pirtle
Justice

4