**Marcus Dwayne BANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–98–00644–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 19, 2000.

## OPINION

JOE L. DRAUGHN, Justice (Assigned).

A jury found Appellant Marcus Dwayne Banks guilty of criminally negligent homicide. The trial court originally sentenced him to two years' imprisonment in a state jail and a $10,000 fine. Three days later, the trial court re-sentenced him to twenty years' imprisonment in the institutional division and a $10,000 fine. Banks appeals in three points of error, contending that the trial court erred in re-sentencing him because (1) the place of confinement in the original sentence was surplusage; (2) to do so violates his constitutional protections against double jeopardy; and (3) the original sentence was valid because the trial court failed to make an affirmative deadly weapon finding. We affirm.

## BACKGROUND

Banks tried to stop a fight between one of his friends and a second man. When the victim, Oscar Dwayne Gilbert, prevented Banks from stopping the fight, Banks pulled out a pistol and shot him in the chest. When Gilbert turned to flee, Banks shot him a second time. Gilbert died from his wounds.

Before trial, Banks pleaded true to an enhancement paragraph that he had previously been convicted of a felony. At trial, the jury found him guilty of criminally negligent homicide and made an affirmative deadly weapon finding. The trial court then tried the punishment phase of trial. Although the judgment reflects the enhancement and an affirmative deadly weapon finding, and the trial court orally noted Banks's previous felony, the court sentenced him to "two years in the state jail and a $10,000 fine." The prosecutor had erroneously advised the court that this was the maximum sentence available.

Three days later, the State realized that with the enhancement and deadly weapon

Stanley G. Schneider, Houston, for appellant.

Alan Curry, Houston, for appellee.

Panel consists of Justices DRAUGHN, LEE, and HUTSON–DUNN.*

---

* Senior Justices Joe L. Draughn, Norman Lee, and D. Camille Hutson Dunn sitting by assignment.

finding, the actual range of imprisonment was two to twenty years. Further, state law required that the imprisonment be served in the institutional division, not a state jail facility. Thus, the State moved for resentencing, arguing that the original sentence was void. The trial court agreed, conducted a second punishment trial, and assessed the maximum punishment of twenty years' imprisonment in the institutional division and a $10,000 fine.

## POINT OF ERROR ONE

■ In his first point of error, Banks contends that the trial court erred in re-sentencing him because the place of imprisonment originally specified by the court was surplusage, not a part of the sentence. If the place of confinement was mere surplusage, he contends that his original two-year sentence was legal and proper. We conclude that the place of confinement is a part of the sentence and that when an unauthorized place of imprisonment is specified, the sentence is void.

■ As previously noted, the terms of punishment originally pronounced by the trial court in this case were two years' confinement in a state jail and a $10,000 fine. Banks suggests that the place of imprisonment specified is mere surplusage, citing *Jenke v. State*, 487 S.W.2d 347 (Tex.Crim.App.1972). In *Jenke*, the jury's verdict assessed punishment at life in the Texas House of Corrections, which did not exist, instead of Texas Department of Corrections. On appeal, the court held that "where the place of confinement stated in a jury verdict is unauthorized, it may be treated as surplusage, and the judgment may be entered by the court specifying the proper place." *Id.* at 348.

*Jenke* is distinguishable on several grounds. First, in this case, it is the court's sentence that sets forth an unauthorized place of imprisonment. There is no jury's verdict on punishment. Second, *Jenke* applied to a situation that is now specifically addressed by article 37.10(b) of the Code of Criminal Procedure,[1] which is inapplicable to this case. Third, the mistake in *Jenke* was a mere misnomer, not specification of imprisonment in an existing, but erroneous, place.

■ Instead, we conclude that the place of imprisonment is a part of the sentence, not mere surplusage. Texas law defines a "sentence" as: "[the] part of the judgment ... that orders that the punishment be carried into execution in the manner prescribed by law." TEX.CODE CRIM. PROC.ANN. art. 42.02 (Vernon Supp.2000). Thus, according to the statute's plain language, "a sentence is nothing more than the portion of the judgment setting out the terms of punishment." *State v. Ross*, 953 S.W.2d 748, 750 (Tex.Crim.App.1997).[2] While other aspects of the judgment, such as an affirmative deadly weapon finding, may affect the sentence, they are not a part of it. *Id.*

The "terms of punishment" for most crimes can be found in the current version of the penal code. The Texas Penal Code classifies crimes as misdemeanors or felonies according to the "relative seriousness of the offense." TEX.PEN.CODE ANN. §§ 12.03 & 12.04 (Vernon 1994). For felonies, there are five categories, ranging from state jail felonies to capital felonies. *See id.* § 12.04. As the felony becomes more serious or the offender is shown to be a repeat or habitual criminal, the place of confinement changes. *See id.* §§ 12.31–12.35. Thus, imprisonment for the lowest

---

1. "If the jury ... in the verdict assesses both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense, the court shall reform the verdict to show the punishment authorized by law and to omit the punishment not authorized by law." TEX CODE CRIM.PROC.ANN. art. 37.10(b) (Vernon Supp.2000).

2. For example, the sentence in *State v. Ross* included the facts that the appellant was to serve sixteen years in the penitentiary, beginning on a certain date, that the term was concurrent, and that he must pay a $500 fine. *Id.*

level felony, a state jail felony, is in a "state jail." *See id.* § 12.35. Imprisonment for all other more serious felonies is specified by statute to occur in "the institutional division." *See id.* §§ 12.31–12.34. These are distinct divisions in the Texas Department of Criminal Justice, not synonyms.

■ Banks's criminally negligent homicide is a state jail felony. However, his prior felony drug conviction elevates the seriousness of this crime, and "on conviction, he shall be punished for a second-degree felony." *Id.* § 12.42(a)(3). Punishment for a second-degree felony is "imprisonment in the institutional division for any term of not more than 20 years or less than 2 years." *Id.* § 12.33. Even if there were no enhancement for Banks's prior felony, the judgment reflects that he used a deadly weapon when he killed the victim in this case. This elevates Banks's punishment to the level of a third-degree felony. *See id.* § 12.35(c)(1). Under the code, a third-degree felon "shall be punished by imprisonment in the institutional division for any term of not more than ten years and not less than two years." *Id.* § 12.34(a). When the judgment reflects enhancements because of prior convictions, or when there is an affirmative deadly weapon finding, the trial court cannot punish criminally negligent homicide as a state jail felony. *See State v. Allen,* 865 S.W.2d 472, 473–74 (Tex.Crim.App.1993) (addressing enhancement because of prior conviction); *see generally Dickson v. State,* 986 S.W.2d 799, 803 n. 3 (Tex.App.—Waco 1999, pet. ref'd) (punishment after affirmative deadly weapon finding).

Because of the dictates of the Texas Penal Code, which specifies imprisonment in the institutional division as a term of punishment for more serious felonies, we conclude that the place of confinement specified in the sentence may not be ignored as mere surplusage. The original sentence assessed by the trial court was unauthorized by law. Accordingly, it was void. *See Ex parte Beck,* 922 S.W.2d 181, 182 (Tex.Crim.App.1996); *Cooper v. State,* 527 S.W.2d 898, 899 (Tex.Crim.App.1975). As such, the trial court did not err in re-sentencing Banks. *See Cooper,* 527 S.W.2d at 899.

■ Banks nonetheless appeals that if his original sentence was illegal and void, the State used an improper procedure to rectify the sentence. Banks claims that the State's oral motion to set aside sentencing was tantamount to a motion for new trial under Texas Rule of Appellate Procedure 21.1, which the State is not permitted to seek. We disagree with Banks's reasoning. If the first sentence was void and thus illegal, the State would have been permitted to appeal it. *See* TEX.CODE CRIM.PROC.ANN. art. 44 .01(b) (Vernon Pamp.2000). If the State had appealed, it would have been proper for this Court to remand for a second punishment hearing. *See Busselman v. State,* 713 S.W.2d 711, 713 (Tex.App.—Houston [1st Dist.] 1986, no pet.); *see also State v. Rowan,* 927 S.W.2d 116, 116–17 (Tex. App.—Houston [1st Dist.] 1996, no pet.). We find no legal restriction that prevents the State from filing a motion to re-sentence to correct a void sentence. The procedure simply allowed the trial court to correct the mistake without the delay caused by an appeal.

Accordingly, we overrule point of error one.

## POINT OF ERROR TWO

■ In his second point of error, Banks argues that the trial court erred in re-sentencing him because doing so violated the double-jeopardy protections of the Texas and United States Constitutions. He asserts he was subjected to punishment twice for the same offense when the trial court withdrew its original, invalid sentence in this case and subsequently imposed a valid one. We disagree.

■ Here, Banks's original sentence was set aside because it was void. Jeopardy does not attach to a void judgment. *See Hoang v. State,* 872 S.W.2d 694, 698

(Tex.Crim.App.1993); *Cooper,* 527 S.W.2d at 899; *Godsey v. State,* 989 S.W.2d 482, 494 (Tex.App.—Waco 1999, pet. ref'd). Thus, because jeopardy did not attach to the initial void judgment, Banks's double-jeopardy protections were not violated.

Accordingly, we overrule appellant's second point of error.

## POINT OF ERROR THREE

In his third point of error, Banks argues that the trial court erred in re-sentencing him "because the two-year sentence was valid in that the judge as the trier of fact made no deadly weapon finding ." We disagree.

Here, the written judgment reflects that an affirmative deadly-weapon finding was made. When the trial court is the trier of fact on punishment, it has the authority, but not the obligation, to make an affirmative finding of the use of a deadly weapon. *See Ex parte Franklin,* 757 S.W.2d 778, 780 (Tex.Crim.App.1988). The trial court must make a "separate and specific affirmative finding." *Hooks v. State,* 860 S.W.2d 110, 114 (Tex.Crim.App.1993). However, the rules do not require the trial court to pronounce a deadly weapon finding as when it pronounces sentence. "The only requirement of an affirmative finding of a deadly weapon is that the trial court enter the finding in its judgment." *Turner v. State,* 866 S.W.2d 117, 118 (Tex. App.—Fort Worth 1993, no pet.). Because the trial court entered the affirmative deadly weapon finding in its judgment, we find Banks's argument without merit. Accordingly, we overrule point of error three.

Having overruled each of appellant's points of error, we affirm the trial court's judgment.