ACCEPTED
03-14-00547-CR
4853443
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/10/2015 8:14:38 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00547-CR

## IN THE COURT OF APPEALS
## FOR THE
## THIRD SUPREME JUDICIAL DISTRICT OF TEXAS
## AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/10/2015 8:14:38 PM
JEFFREY D. KYLE
Clerk

## NO. CR-12-0005

## IN THE 428TH DISTRICT COURT
## OF HAYS COUNTY, TEXAS

## STATE OF TEXAS,
## APPELLANT

## V.

## BRYAN ROLAND CHANDLER,
## APPELLEE

## APPELLEE'S BRIEF

**ORAL ARGUMENT REQUESTED**

**LINDA ICENHAUER-RAMIREZ**
**ATTORNEY AT LAW**
**1103 NUECES**
**AUSTIN, TEXAS    78701**
**TELEPHONE:    512-477-7991**
**FACSIMILE 512-477-3580**
**EMAIL:   LJIR@AOL.COM**
**SBN:   10382944**

**ATTORNEY FOR APPELLEE**

# TABLE OF CONTENTS

**PAGE**

Parties to Trial Court's Final Judgment.......................................................3

Index of Authorities...............................................................................4

Statement of the Nature of the Case .........................................................6

Appellee's Response to Point of Error Number One..................................8
    The Trial Court's Action in Granting the Motion for a Judg-
    ment *Nunc Pro Tunc* Did Not Modify, Change or Alter the
    Effect of the Original Judgment and Thus Was Not Prohibited
    By the Expiration of the Court's Plenary Power.

Appellee's Response to Point of Error Number Four..................................9
    The Trial Court's Action in Granting the Motion for a Judg-
    ment *Nunc Pro Tunc* Was Proper in that the Action Was Made
    to Correct a Clerical Error and Did Not Involve Any Additional
    Judicial Reasoning

Appellee's Response Point of Error Number Two .....................................15
    The Law is Clear That When a Defendant Enters a Plea to
    an Offense Involving a Deadly Weapon That the Trial Court's
    Acceptance of That Guilty Plea is Not an Affirmative Finding
    of a Deadly Weapon as a Matter of Law or a De Facto Affirm-
    ative Finding of a Deadly Weapon

Appellee's Response to Point of Error Number Three...............................15
    Once a Trial Judge Accepts a Defendant's Plea of Guilty to
    an Offense Involving a Deadly Weapon, the Trial Judge Still
    Retains Discretion on the Issue of Whether He Will Enter an
    Affirmative Finding of a Deadly Weapon

Prayer for Relief ...................................................................................19

Certificate of Compliance.......................................................................20

Certificate of Service .............................................................................20

# PARTIES TO TRIAL COURT'S FINAL JUDGMENT

In accordance with Tex.R.App.Proc. 38.1(a), Appellee certifies that the following is a complete list of the parties and their counsel:

(a) the State of Texas represented by:

   Mr. Brian Clarke Erskine, Asst. Dist. Att. – appellate attorney
   Hays County Criminal District Attorney's Office
   Hays County Government Center
   712 South Stagecoach Trail, Suite 2057
   San Marcos, TX 78666

   Ms. Amy Lockhart , Asst. Dist. Att. – trial attorney
   Hays County Criminal District Attorney's Office
   Hays County Government Center
   712 South Stagecoach Trail, Suite 2057
   San Marcos, TX 78666

(b) Mr. Bryan Roland Chandler, represented by:

   Mr. Joseph A. Turner – trial attorney
   Attorney at Law
   1504 West Avenue
   Austin, Texas 78701

   Ms. S. Lynn Peach – attorney for judgment *nunc pro tunc*
   Attorney at Law
   P.O. Box 512
   San Marcos, Texas 78667

   Ms. Linda Icenhauer-Ramirez - appellate attorney
   Attorney at Law
   1103 Nueces
   Austin, Texas 78701

# INDEX OF AUTHORITIES

**CASES**                                                                                 **PAGE**

Alvarez v. State, 605 S.W.2d 615, 617 (Tex.Cr.App. 1980) ......................13

Banks v. State, 29 S.W.3d 642, 646 (Tex.App.-Houston [14th]
     2000, pet. ref.) ................................................................17

Barstow v. State, 2011 Tex.App.LEXIS 3236 (Tex.App.-Austin
     2011, no pet.) ................................................................9

Chaney v. State, 494 S.W.2d 813, 814 n. 1 (Tex.Cr.App. 1973) ...............13

Ex parte Dopps, 723 S.W.2d 669, 671 (Tex.Cr.App. 1986)......................13

Ex parte McDonald, 2015 Tex. Crim. App. Unpub.
     LEXIS 210 (Tex.Cr.App. 2015, No. WR-82,533-01,
     delivered March 25, 2015)...................................................15

Ex parte Poe, 751 S.W.2d 873, 876 (Tex.Cr.App. 1988) ...........................13

Hatley v. State, 206 S.W.3d 710, 718 (Tex.App.-Texarkana 2006,
     no pet.) ......................................................................18

Hoang v. State, 2004 Tex.App.LEXIS 5890 (Tex.App.-Dallas 2004,
     no pet.) ......................................................................17

Hooks v. State 860 S.W.2d 110, 113-114 (Tex.Cr.App. 1993)..................17

Jones v. State, 795 S.W.2d 199 (Tex.Cr.App. 1990).................................8

Perkins v Court of Appeals for the Third Supreme Judicial District
     of Texas, 738 S.W.2d 276, 285 (Tex.Cr.App. 1987).......................18

State v. Aguilera, 165 S.W.3d 695 (Tex.Cr.App. 2005)...........................8

State v. Bates, 889 S.W.2d 306, 309 (Tex.Cr.App. 1994).........................8

Wilson v. State, 677 S.W.2d 518, 521 (Tex.Cr.App. 1984) ……………13

<u>Villarreal v. State</u>, 590 S.W.2d 938, 939 (Tex.Cr.App. 1979) ................... 13

**STATUTES**

Art. 42.014, V.A.C.C.P. ................................................................ 9

Art. 42.12, Sec 3g, V.A.C.C.P. ..................................................... 16

**COURT RULES**

Tex.R.App.Proc. 23.1 ................................................................. 8

Tex.R.App.Proc. 34.6 ................................................................. 10

Tex.R.App.Proc. 38.1(a) ............................................................. 3

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW Bryan Roland Chandler, appellee in this cause, by and through his attorney and files this his brief on original appeal.

## STATEMENT OF THE NATURE OF THE CASE

Appellee was charged by indictment in this cause on January 18, 2012. The indictment alleged that appellant committed the offense of aggravated assault with a deadly weapon (family violence). (C.R. 5) On February 23, 2012, appellant entered a plea of guilty to the offense of aggravated assault, a second degree felony. (C.R. 7-13) On February 23, 2012, pursuant to the plea bargain agreement, the court assessed appellant's punishment at ten (10) years imprisonment. (C.R. 14-15) The trial court's certification of defendant's right to appeal was filed on February 23, 2012. (C.R. 16-17) On March 23, 2014, the trial court signed a nunc pro tunc judgment of conviction correcting appellee's backtime credit. (C.R. 18-19) On April 17, 2014, appellee filed a motion for judgment nunc pro tunc asking that the affirmative finding of a deadly weapon be deleted in accordance with the plea proceedings. (C.R. 20-35) A hearing was held on the motion on August 7, 2014 with the judge granting the motion for judgment nunc pro tunc. (R.R. I, pp. 4-9) On August 7, 2014, the

6

assistant district attorney filed a notice of appeal. (C.R. 36-37, 38-39) The *Nunc Pro Tunc* Judgment of Conviction by Court – Waiver of Jury Trial which deleted the affirmative finding of a deadly was signed by the trial court on October 2, 2014. (C.R. 49-50)

**APPELLEE'S REPLY TO POINT OF ERROR NUMBER ONE**
**THE TRIAL COURT'S ACTION IN GRANTING THE MOTION FOR A JUDGMENT *NUNC PRO TUNC* DID NOT MODIFY, CHANGE OR ALTER THE EFFECT OF THE ORIGINAL JUDGMENT AND THUS WAS NOT PROHIBITED BY THE EXPIRATION OF THE COURT'S PLENARY POWER.**

**APPELLEE'S REPLY TO POINT OF ERROR NUMBER FOUR**
**THE TRIAL COURT'S ACTION IN GRANTING THE MOTION FOR A JUDGMENT *NUNC PRO TUNC* WAS PROPER IN THAT THE ACTION WAS MADE TO CORRECT A CLERICAL ERROR AND DID NOT INVOLVE ANY ADDITIONAL JUDICIAL REASONING.**

Absent a motion for new trial, a trial court's plenary jurisdiction expires thirty days from the date on which the defendant was sentenced in open court. State v. Aguilera, 165 S.W.3d 695, 697 n. 4 (Tex.Cr.App. 2005). However, a trial court retains authority after the expiration of the court's plenary power to enter a judgment *nunc pro tunc* to correct clerical errors in the judgment. State v. Bates, 889 S.W.2d 306, 309 (Tex.Cr.App. 1994); Tex.R.App.Proc. 23.1. The purpose of a judgment *nunc pro tunc* is to correctly reflect from the records of the court the judgment actually "rendered," but which for some reason was not "entered" at the proper time. Jones v. State, 795 S.W.2d 199 (Tex.Cr.App. 1990). Before a judgment *nunc pro tunc* may be entered, there must be proof that the proposed judgment was actually rendered at an earlier time. State v. Bates, supra.

A review of the record in this case shows that the judgment *nunc pro*

*tunc* ordered by the trial court on August 7, 2014 did correct a clerical error in the cause. During the hearing on August 7th, the trial court took judicial notice of the plea forms entered into by appellee and the State. (R.R. I, p. 4) A review of those plea forms shows that appellee agreed to enter a plea of guilty to the offense of aggravated assault with a deadly weapon (family violence). On the first page of the plea agreement form there is a set of boxes to be checked when the parties agree that affirmative findings are to be made by the trial court: one for an affirmative finding of a deadly weapon, one for an affirmative finding of family violence and one for an affirmative finding of a hate crime under Art. 42.014, V.A.C.C.P. None of these boxes were checked. This form was signed by appellee, the attorney for the State and the attorney for the appellee. (C.R. 6) This form alone is evidence that the agreement of the parties was that no affirmative finding of a deadly weapon was to be made.

In its brief on p. 4, the State cites to portions of the plea hearing (see footnotes 23, 24, 25). But appellee would point out that the reporter's record from the plea hearing is not a part of the appellate record before the Third Court of Appeals. The transcript of the plea hearing was not admitted into evidence during the August 7th hearing and thus cannot be considered as part of the appellate record. See <u>Barstow v. State</u>, 2011

9

Tex.App.LEXIS 3236 (Tex.App.-Austin 2011, no pet.). Furthermore, when the State filed a Request For the Court Reporter's Record on September 5, 2014, that request only asked that the August 7, 2014 hearing on the motion for judgment nunc pro tunc be included as part of the appellate record. (C.R. 40-41) The Reporter's Record from that August 7th hearing is the only part of the Reporter's Record that has been filed in this cause in the Third Court of Appeals. Thus the plea hearing is not part of the appellate record and cannot be considered. Tex.R.App.Proc. 34.6. Just looking at the record that is properly before the Court of Appeals, namely the clerk's record and the record from the hearing held on August 7, 2014, all of the evidence shows that it was the parties' intent that there would be no affirmative finding of a deadly weapon. The State has produced no evidence showing otherwise, even though it had the opportunity at the August 7th hearing. Clearly, the State could have called the prosecutor who handled the guilty plea to testify as to the intent of the parties, but for some reason chose not to call her as a witness during the August 7th hearing. Thus the State has failed in its burden to show that there was an agreement that the court would enter an affirmative finding of a deadly weapon.

As noted above, appellee's previous lawyer, S. Lynn Peach, did attach

a copy of the transcript from appellee's guilty plea hearing which was held on February 23, 2012 to her motion for judgment *nunc pro tunc*. (C.R. 20-35) Although this transcript was not introduced into evidence during the August 7th hearing nor was designated as part of the appellate record by the State and thus is not part of the appellate record before the Court and should not be considered by the Court, appellee would assert that if the Court of Appeals decides to consider it, it too shows that there was no agreement of the parties that the trial court should enter an affirmative finding of a deadly weapon.

This transcript from the guilty plea hearing shows that the prosecutor identified State's Exhibit 1 as the plea bargain agreement between the parties, offered it into evidence and then rested. (Plea Transcript, p. 3) State's Exhibit 1 is the plea paperwork found in C.R. 6-13. Appellee then entered a plea of guilty to the offense of aggravated assault with a deadly weapon (family violence) and the trial court questioned him as to the typical admonishments made during a guilty plea. After going over the admonishments, the trial court accepted appellee's guilty plea and found that the evidence substantiated his guilt. (Plea Transcript, p. 4-7) The trial court then announced the plea bargain agreement:

> "THE COURT: I understand that there is a plea bargain agreement which calls for the State to dismiss Cause No.

CR-12-0022 and they have agreed not to file pending violations. But in Cause No. 12-0005 I understand that there is a recommended resolution of 10 years in the Texas Department of Criminal Justice Institutional Division, that the defendant be given credit for time served as a result of this offense." (Plea Transcript, p. 7)

The court then asked both parties if that was their understanding of the agreement and both the prosecutor and appellee's trial counsel replied affirmatively. (Plea Transcript, pp. 7-8) At no point did the prosecutor volunteer that the parties had agreed to an affirmative finding of a deadly weapon or object in any way to the trial court's failure to make an affirmative finding of a deadly weapon. The trial court then announced that it would go along with the plea bargain agreement and sentenced appellee to ten years in prison. (Plea Transcript, p. 8) Once again, the State failed to object to the trial court's failure to make an affirmative finding of a deadly weapon.

A reading of the appellate record and also the plea transcript shows that there was no agreement by the parties that the trial court would make an affirmative finding of a deadly weapon at appellee's plea hearing. Thus, the court's written judgment signed on February 23, 2012 did contain a clerical error when it included an affirmative finding of a deadly weapon. (C.R. 14-15) The record reflects that a *nunc pro tunc* judgment, correcting appellee's backtime, was signed and entered on March 23, 2012.

12

This *nunc pro tunc* judgment also erroneously contained an affirmative finding of a deadly weapon. (C.R. 18-19) This too was a clerical error.

A judgment *nunc pro tunc* is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered. Alvarez v. State, 605 S.W.2d 615, 617 (Tex.Cr.App. 1980). This means that a trial court can fix clerical errors in the record by a *nunc pro tunc* order. But only errors that were not the result of judicial reasoning are considered clerical errors that can be fixed by a *nunc pro tunc* order. Ex parte Poe, 751 S.W.2d 873, 876 (Tex.Cr.App. 1988). The trial court cannot, through a judgment *nunc pro tunc,* change a court's records to reflect what it believes should have been done. Ex parte Dopps, 723 S.W.2d 669, 671 (Tex.Cr.App. 1986) (citing Chaney v. State, 494 S.W.2d 813, 814 n. 1 (Tex.Cr.App. 1973); Villarreal v. State, 590 S.W.2d 938, 939 (Tex.Cr.App. 1979). "Thus, before a judgment *nunc pro tunc* may be entered, there must be proof that the proposed judgment was actually rendered or pronounced at an earlier time." Wilson v. State, 677 S.W.2d 518, 521 (Tex.Cr.App. 1984).

It is clear from the record of the trial court that the inclusion of an affirmative finding of a deadly weapon in the original judgment and in the first judgment *nunc pro tunc* was a clerical error that the August 7, 2014

13

order for a judgment *nunc pro tunc* was correcting.

The State is asserting that appellee was trying to modify his sentence and thus because the trial court's action in granting the motion for judgment *nunc pro tunc* fell after the trial court's plenary jurisdiction had expired, the trial court's order was wrong. This case is clearly distinguishable from those cases cited by the State where a trial court modified a defendant's sentence after it had lost jurisdiction over a defendant. As shown above, the trial court's order of August 7, 2014, approving the entry of the judgment *nunc pro tunc* was to make the judgment accurately reflect what had gone on in the trial court during the appellee's plea proceedings. The terms of the plea bargain agreed upon by the parties did not contain an affirmative finding of a deadly weapon, the trial court never made an affirmative finding of a deadly weapon and the judgment which reflected an affirmative finding of a deadly weapon was erroneous. Thus, the trial court acted properly in granting the motion for the entry of the judgment *nunc pro tunc*. Points of error one and four should be overruled.

**APPELLEE'S REPLY TO POINT OF ERROR NUMBER TWO**
**THE LAW IS CLEAR THAT WHEN A DEFENDANT ENTERS A PLEA TO AN OFFENSE INVOLVING A DEADLY WEAPON THAT THE TRIAL COURT'S ACCEPTANCE OF THAT GUILTY PLEA IS NOT AN AFFIRMATIVE FINDING OF A DEADLY WEAPON AS A MATTER OF LAW OR A DE FACTO AFFIRMATIVE FINDING OF A DEADLY WEAPON.**

**APPELLEE'S REPLY TO POINT OF ERROR NUMBER THREE**
**ONCE A TRIAL JUDGE ACCEPTS A DEFENDANT'S PLEA OF GUILTY TO AN OFFENSE INVOLVING A DEADLY WEAPON, THE TRIAL JUDGE STILL RETAINS DISCRETION ON THE ISSUE OF WHETHER HE WILL ENTER AN AFFIRMATIVE FINDING OF A DEADLY WEAPON.**

The State asserts that because appellee entered a plea of guilty to the offense of aggravated assault with a deadly weapon (family violence) and the trial court then found him guilty of that offense, that the acceptance of appellee's guilty plea either was an affirmative finding of a deadly weapon as a matter of law or as a de facto finding.   This is not the law.   Recently Judge Bert Richardson of the Texas Court of Criminal Appeals wrote a concurring opinion in the case of Ex parte McDonald, 2015 Tex. Crim. App. Unpub. LEXIS 210 (Tex.Cr.App. 2015, No. WR-82,533-01, delivered March 25, 2015) and discussed the offense of aggravated assault:

> "Yet, although it is labeled an 'aggravated' offense, Aggravated Assault under Section 22.02 does *not* fall under the list of '3g' offenses in Article 42.12 of the Texas Code of Criminal Procedure *unless* there is an affirmative finding that a deadly weapon was used or exhibited during the commission of

15

the offense."   (slip opinion, p. 2)

Clearly a finding of guilt for an offense in which a deadly weapon is used is not the same as an affirmative finding of a deadly weapon as used in Art. 42.12, Sec 3g, V.A.C.C.P.

The State also asserts that once a defendant is found guilty of using a deadly weapon, a trial court must make an affirmative finding of a deadly weapon.   The State asserts that a trial court never has the discretion to not enter a deadly weapon finding in a final judgment.   The State clearly does not understand the law with respect to affirmative findings of a deadly weapon.

The law is clear that even when a defendant pleads guilty to an offense in which he or she used a deadly weapon the acceptance of the defendant's guilty plea to an offense involving a deadly weapon is not equivalent to the court making an affirmative finding of a deadly weapon. The defendant's guilty plea - evidenced by his or her judicial confession - stands alone on the issue of guilt. The affirmative judicial finding of a deadly weapon has nothing to do with the defendant's guilt.   Rather, the affirmative finding of a deadly weapon relates solely to the issue of punishment. Specifically, the finding relates to the ramifications of the available punishment alternatives: an affirmative finding of a deadly weapon

16

eliminates court-ordered probation as a possible punishment and affects parole eligibility. See Hooks v. State 860 S.W.2d 110, 113-114 (Tex.Cr.App. 1993). The trial court, as the trier of fact on punishment, has the authority, but not the obligation, to make an affirmative finding of the use of a deadly weapon. Banks v. State, 29 S.W.3d 642, 646 (Tex.App.-Houston [14th] 2000, pet. ref.).

In fact, it is a common and accepted practice for a plea bargain involving an aggravated assault where a defendant used or exhibited a deadly weapon to limit the trial court's authority to enter a deadly weapon finding. The net result is that the defendant is found guilty of the aggravated assault with a deadly weapon but the agreement is that the trial court will not enter an affirmative finding of a deadly weapon. The lack of an affirmative finding of a deadly weapon has no impact whatsoever on the finding of guilt as to the offense of aggravated assault with a deadly weapon. Rather, the affirmative finding impacts only the issue of punishment. See Hoang v. State, 2004 Tex.App.LEXIS 5890 (Tex.App.-Dallas 2004, no pet.).

In the instant case, there is no evidence that the agreement of the parties called for the trial court to make an affirmative finding of a deadly weapon. Once again, the plea papers (State's Exhibit 1) were silent as to

an affirmative finding of a deadly weapon. A review of the transcript from the plea hearing shows that both the State and appellee's attorney agreed that the plea papers accurately reflected the terms of the plea bargain agreement. During the plea hearing, the State never objected when the trial court failed to make an affirmative finding of a deadly weapon. Furthermore, the State failed to produce any evidence whatsoever at the hearing on appellee's motion for judgment *nunc pro tunc* to show that the parties had agreed to the imposition of an affirmative finding of a deadly weapon. The State could very easily have brought in the prosecutor who participated in the plea hearing to testify about her understanding of the plea bargain agreement. It chose not to do so. As a result, the record contains no evidence supporting the State's position.

Once a trial court has accepted the plea agreement, the court has a "ministerial, mandatory, and non-discretionary duty to specifically enforce" the terms of the agreement. Perkins v Court of Appeals for the Third Supreme Judicial Dist. Of Texas, 738 S.W.2d 276, 285 (Tex.Cr.App. 1987). In performing this duty, the trial court's "primary concern is to ascertain and give effect to the parties' intentions as expressed in the instrument." Hatley v. State, 206 S.W.3d 710, 718 (Tex.App.-Texarkana 2006, no pet.). Here it is clear that appellee entered a plea of guilty to the charged offense –

aggravated assault with a deadly weapon (family violence) and the parties agreed that the trial court would make no affirmative finding of a deadly weapon. The trial court followed the plea bargain agreement and did not make such an affirmative finding of a deadly weapon. Thus the written judgment which erroneously reflected an affirmative finding of a deadly weapon was properly corrected when the trial court ordered at the conclusion of the August 7, 2014 hearing that a judgment *nunc pro tunc* should be issued. Points of error two and three should be overruled.

## PRAYER

Appellee respectfully requests that this Honorable Court overrule appellant's points of error and affirm the action of the trial court.

Respectfully submitted,

/s/ Linda Icenhauer-Ramirez

_____
LINDA ICENHAUER-RAMIREZ
Attorney at Law
1103 Nueces
Austin, Texas 78701
(512) 477-7991
FAX:   (512) 477-3580
SBN:   10382944
Email:   ljir@aol.com

ATTORNEY FOR APPELLEE

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief was computer generated and contains 3,782 words, as calculated by the word count function on my computer.

/s/ Linda Icenhauer-Ramirez
_____
LINDA ICENHAUER-RAMIREZ

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Appellee's Brief on Original Appeal was e-served to the Hays County District Attorney's Office on this the 10th day of April, 2015.

/s/ Linda Icenhauer-Ramirez
_____
LINDA ICENHAUER-RAMIREZ