

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00040-CR

JASON DILLINGER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 17-F-1247-102

Before Morriss, C.J., Burgess and Moseley,* JJ.
Memorandum Opinion by Chief Justice Morriss

*Bailey C. Moseley, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Before his trial for aggravated robbery,[1] Jason Dillinger argued to the trial court that the prosecution was jeopardy barred. Representing himself, Dillinger complained about cause number 17-F-0273-102, a number previously assigned to an aggravated robbery charge arising from a theft from, accompanied by a threat by display of a firearm against, Rachael Walker occurring March 10, 2017. Through confusion, that cause number had been used later on a misdemeanor theft occurring December 23, 2016, to which Dillinger had pled guilty. The aggravated robbery had since been re-indicted under a new cause number, and Dillinger was tried on that felony with the new cause number. The trial court rejected Dillinger's jeopardy argument. Dillinger was convicted of the aggravated robbery and sentenced to forty years' incarceration. On appeal, Dillinger claims error in the trial court's denial of his claim of double jeopardy. We find no such error and affirm the trial court's judgment and sentence.

The erroneous use of the felony cause number arose from a clerical mix up in the county court at law, a court without felony jurisdiction and not the trial court in which the aggravated robbery conviction was secured. These relevant events occurred:

- On or around March 11, 2017, Dillinger was arrested for three different charges occurring on three different dates: an alleged aggravated robbery occurring March 10, 2017, a theft of firearm occurring February 10, 2017, and a misdemeanor theft occurring December 23, 2016.

- On May 25, 2017, he was indicted for the aggravated robbery, and that case was assigned cause number 17-F-0273-102.

- Dillinger was also indicted for theft of a firearm; that case was assigned cause number 17-F-0272-102.

---

[1]See TEX. PENAL CODE ANN. § 29.03 (West 2011).

2

- In a pretrial hearing on August 30, 2017, appointed defense counsel[2] informed the trial court that no agreement had been reached regarding the aggravated robbery charge.[3] However, an agreement had been reached to reduce the theft of firearm to a misdemeanor theft charge, to which Dillinger would plead guilty.

- An information was filed, on September 6, 2017, for the theft allegation (for which Dillinger was arrested on or about March 11) in cause number 17-M-1367-CCL.

- On September 8, 2017, Dillinger and counsel appeared before the County Court at Law of Bowie County[4] to enter pleas to two misdemeanors. This September 8 plea hearing in the county court at law is where the cause numbers became garbled, creating confusion. One cause number was 17-M-1367-CCL. The other, unfortunately, was 17-F-0273-102, the cause number for the pending aggravated robbery case in the district court.

Felony prosecutor Kelley Crisp, who had been handling the aggravated robbery and theft of firearm charges in the district court, was unable to appear in the county court at law for the misdemeanors. Crisp was present and concurred in the August 30 pretrial hearing where the agreement to reduce the theft of firearm to a misdemeanor was announced. That is the hearing where it was explicitly announced that no plea agreement had been reached on the aggravated robbery charge.

---

[2]A few months later, the trial court granted Dillinger's request to represent himself. Appointed counsel remained as stand-by counsel. Dillinger is represented by another appointed attorney on this appeal.

[3]Dillinger's attorney told the trial court, "We've come to an agreement on one of the charges, the possession [sic] of a firearm charge, and I think we have an agreement to set it on the misdemeanor docket for Friday and resolve that one." Then, clarifying.

> THE COURT: So it's the aggravated robbery charge that hasn't been resolved?
>
> [Defense counsel]: That hasn't been resolved.

Dillinger was present for this discussion.

[4]The County Court at Law of Bowie County does not have felony jurisdiction. *See* TEX. GOV'T CODE ANN. § 25.0212 (West Supp. 2018).

Misdemeanor 17-M-1367-CCL was charged by information on September 6, 2017, two days before the plea hearing.[5] However, the misdemeanor miscaptioned 17-F-0273-102 was charged by information only September 11, 2017, three days *after* the plea hearing. "The presentment of an indictment or information to a court invests the court with jurisdiction of the cause." TEX. CONST. art. V, § 12(b). A judgment rendered by a court lacking jurisdiction is void. *See Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) ("[A] judgment is void only in very rare situations—usually due to a lack of jurisdiction.").

"The burden is on the accused to prove an affirmative defense of prior jeopardy." *Wockenfuss v. State*, 521 S.W.2d 630, 631 (Tex. Crim. App. 1975). Dillinger has not met this burden. First, there is no evidence that the parties agreed to reduce the aggravated robbery to a misdemeanor. The contrary is clearly established. Rather, the record here clearly shows that the judgment relied on by Dillinger for his argument was in fact a nullity. The county court at law did not have jurisdiction over the theft case misnumbered 17-F-0273-102. "Jeopardy does not attach

---

[5]The record contains a bond sheet from March 13, 2017. This document shows that Dillinger bonded out of jail on the three charges for which he was arrested, listed above. Each offense has a warrant number. The warrant number for the aggravated robbery is T17-01531-F-T202. The misdemeanor theft bore warrant number T16-081370-M-T. The theft of firearm is identified by warrant number B17-00333-F2-4. One of the items cited by Dillinger in arguing the aggravated robbery charge was meant to be reduced to a misdemeanor offense is a September 13, 2017, letter from a Bowie County District Attorney's Office staff member. This letter states, "[T]he above entitled numbered case has been reduced from a felony, AGG ROBBERY to a misdemeanor, THEFT PROP." But the only identifying or case number in this letter is B1700333, the warrant number of the theft of firearm case. Crisp pointed this out to the trial court as she explained the mix-up wherein the aggravated robbery cause number was mistakenly applied to a misdemeanor theft charge.

Crisp explained that, when the State's office agreed to reduce the theft of firearm felony to a misdemeanor, somehow the aggravated robbery cause number, rather than the theft of firearm number, was assigned to one of the county court at law misdemeanor theft cases. When the error was discovered, the cause number 17F0273-102 could not be used in the county's computer program. Hence, the State re-indicted Dillinger for the aggravated assault offense, with a new cause number of 17-F-1247-102. It was under this cause number Dillinger was ultimately tried and convicted and from which this appeal arose.

4

to a void judgment." *Banks v. State*, 29 S.W.3d 642, 645 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (citing *Hoang v. State*, 872 S.W.2d 694, 698 (Tex. Crim. App. 1993)).

The trial court did not err in denying Dillinger's claim of double jeopardy.  We overrule the point of error.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:    November 16, 2018
Date Decided:     January 4, 2019

Do Not Publish